OPINION
This appeal arises out of a decision of the Court of Common Pleas of Allen County granting summary judgment in favor of Defendant-Appellee, Critikon, Inc. ("Critikon"), for the failure of Plaintiff-Appellants, Herman C. Crow and Kay Crow, to establish a claim for product liability. For the reasons expressed in the following opinion, we affirm the decision of the trial court.
The relevant facts are as follows:
On the morning of June 7, 1991, Herman Crow was transported by ambulance to Lima Memorial Hospital complaining of chest pains. Upon Crow's arrival, emergency room nurse, Sandra Parker, attempted to take the patient's blood pressure by placing an automatic blood pressure cuff on Crow's right arm between his shoulder and elbow. Although this is a relatively routine, painless procedure, Crow began to experience severe pain in his right arm within seconds, apparently because the cuff continued to inflate without regulating itself down to a normal pressure. After becoming aware of Crow's discomfort, Nurse Parker placed the cuff on the patient's thigh. The problem with the cuff persisted and Crow's blood pressure was eventually taken with a manual apparatus.
Subsequent to these events, Crow underwent treatment for his heart condition. While still a patient at Lima Memorial, he noticed pain and swelling in his right arm. The injury led to a significant decrease in Crow's ability to move the thumb and first two fingers on his right hand; he also suffered from a perpetual feeling of numbness in the same fingers. Herman Crow has endured extensive physical therapy and ultimately had surgery on the arm in 1992 in an attempt to correct the problem. Although the movement in his fingers has improved, the numbing sensation continues.
On June 7, 1995, Crow and his wife, Kay, filed a complaint against Lima Memorial Hospital and the Estate of Sandra Parker. (Nurse Parker passed away shortly after Appellant's injury occurred.) The plaintiffs also named Critikon as a defendant in the action, alleging negligent design and/or manufacture of the automatic blood pressure cuff and breach of an implied warranty. On December 11, 1998, Critikon filed a motion for summary judgment, arguing that it was entitled to judgment as a matter of law because the plaintiffs failed to establish a prima facie case on the alleged claims. On January 29, 1999, the trial court rendered summary judgment in favor of Critikon. Since the court stated, in accordance with Civ.R. 54(B), that there was no just cause for delay as to this issue, the Crows perfected the instant appeal, asserting two assignments of error which we have chosen to discuss in conjunction.
Assignment of Error I
 Defendant/Appellee Critikon was not entitled to a summary judgment as a matter of law because Appellants Crow established their prima facie case and if not there was at least a genuine issue of material facts on which reasonable minds could differ.
Assignment of Error II
 The court abused its discretion in granting Defendant/Appellee Critikon's renewal of its Motion for Summary Judgment.
In reviewing the propriety of a summary judgment, an appellate court reviews the issue under the same standard as the trial court. Lorain Natl. Bank v. Saratoga Apts. (1989),61 Ohio App.3d 127, 129. It is axiomatic that a trial court is without the authority to grant summary judgment unless it can be demonstrated that:
 (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.
Temple v. Wean United (1977), 50 Ohio St.2d 317, 327; Civ.R. 56(C). Further, the Supreme Court of Ohio has set forth certain burdens that the parties must satisfy before an appropriate judgment can be rendered:
 [A] party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact * * *. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden * * * to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party.
Dresher v. Burt (1996), 75 Ohio St.3d 280, 293.
We now turn to discuss the trial court's decision to grant summary judgment in favor of Critikon.
Product Liability
As previously stated, the Crows' complaint alleged a claim for product liability under R.C. 2307.71 et seq, based upon Critikon's negligent manufacture and/or design of the automatic blood pressure cuff. It is well settled that a plaintiff cannot recover on a claim for product liability in Ohio unless a preponderance of the evidence demonstrates that:
 (1) There was, in fact a defect in the product manufactured and sold by the defendant; (2) such defect existed at the time the product left the hands of the defendant; and (3) the defect was the direct and proximate cause of the plaintiff's injuries or loss.
Shaw v. Toyotomi Am., Inc., (1995), 101 Ohio App.3d 54, 57, citing State Auto. Mut. Ins. Co. v. Chrysler Corp. (1973), 36 Ohio St.2d 151, paragraph two of the syllabus and State Farm Fire Cas. Co. v. Chrysler Corp. (1988), 37 Ohio St.3d 1. Moreover, a defect may be proven by circumstantial evidence, provided that "a preponderance of that evidence establishes that the loss was caused by a defect and not other possibilities, although not all other possibilities need be eliminated." State Farm, supra,37 Ohio St.3d 1 at 6.
In this case, the record lacks the necessary evidence to establish a claim for product liability. Most notably, even though some evidence may exist to show that Sandra Parker attempted to take Herman's blood pressure with an automatic blood pressure cuff manufactured by Critikon, there is no evidence identifying which of several machines that she used. It follows then that the Crows cannot demonstrate that there was a defect and that it existed at the time that the product left the manufacturer's control.
The Crows, however, urge this court to reverse the trial court's order because under the doctrine of res ipsa loquitur, we can infer that a defect existed. Even if we were to assume, for the sake of argument, that res ipsa loquitur was applicable to this case, the Crows' claim for product liability would still fail since the record is also devoid of any evidence tending to show that the alleged defect in this unidentified product was the direct and proximate cause of the injury to Herman Crow's arm. In fact, Dr. Susan Hubbell, the only witness to provide evidence on this issue, stated in her deposition that she doubted that a defective automatic blood pressure cuff could cause such extensive damage in the short time that it was left on Mr. Crow's arm. Based upon the foregoing, we find that Critikon was entitled to summary judgment as a matter of law on the plaintiffs' claim for product liability.
Breach of Implied Warranty
As a threshold matter, we must acknowledge, as did the court in White v. Depuy, Inc. (Aug. 17, 1998), Butler App. No. CA98-01-008, unreported, that the existing case law regarding whether a common law claim for breach of implied warranty in tort for personal injury survives the 1988 passage of Ohio's product liability law under R.C. 2307.71 et seq. is unclear, if not somewhat conflicting. See, LaPuma v. Collinwood Concrete (1996),75 Ohio St.3d 64; Carrel v. Allied Products Corp. (1997), 78 Ohio St.3d 284. However, even if we were to assume that this particular cause of action still exists, we would conclude that the trial court properly found that Critikon was entitled to summary judgment as a matter of law.
It has been held that an action for breach of implied warranty in tort is indistinguishable from an action for products liability. White, supra, citing Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 322. Thus, the elements of breach of implied warranty are identical those of a claim for product liability: (1) the existence of a defect; (2) the defect was present time the product left the hands of the manufacturer; and (3) the plaintiff's injury was directly and proximately caused by the defect. Temple, supra, citing State Auto Mutual Ins. Co. v. Chrysler Corp. (1973), 36 Ohio St.2d 151. Since we have already discussed these elements with regard to the record in this case and have found that the Crows have not produced the necessary evidence, we likewise find that the claim for breach of implied warranty in tort was also disposed of properly by way of summary judgement.
Appellant's first and second assignments of error are overruled.
Having found no error prejudicial to the Appellants herein, in the particulars assigned and argued, the judgment of the trial court is hereby affirmed.
Judgment affirmed
BRYANT, P.J., and SHAW, J., concur.