NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0648n.06

No. 12-4166

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

*Jul 12, 2013*

DEBORAH S. HUNT, Clerk

JASON HOLBROOK, Individually and on
behalf of all others similarly situated,

      Plaintiff-Appellant,

v.

LOUISIANA-PACIFIC CORPORATION,

      Defendant-Appellee.

)
)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO

Before: ROGERS, WHITE, and ALARCÓN, Circuit Judges.[*]

ALARCÓN, Circuit Judge. Jason Holbrook appeals from the district court's decision

granting Louisiana-Pacific Corporation's ("Louisiana-Pacific") motion to dismiss his amended

putative class action complaint. On appeal, Holbrook claims that the district court erred in

dismissing his claims that Louisiana-Pacific violated the Ohio Uniform Commercial Code ("UCC"),

the Ohio Products Liability Act ("OPLA"), and the Ohio Deceptive Trade Practices Act ("ODTPA").

These claims are based on the alleged failure of Trimboard, an alternative to real wood trim that was

manufactured by Louisiana-Pacific, to withstand normal weather conditions. We have jurisdiction

to review the district court's decision under 28 U.S.C. § 1291, and we vacate in part, affirm in part,

and remand.

---

[*]The Honorable Arthur L. Alarcón, Senior United States Circuit Judge for the Ninth Circuit,
sitting by designation.

No. 12-4166
*Holbrook v. Louisiana-Pacific Corporation*

I

We review de novo a district court's grant of a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Handy-Clay v. City of Memphis*, 695 F.3d 531, 538 (6th Cir. 2012). "[T]o survive a motion to dismiss, the plaintiff must allege facts that, if accepted as true, are sufficient to raise a right to relief above the speculative level, and to state a claim to relief that is plausible on its face." *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (citations and internal quotation marks omitted).

Because federal jurisdiction is based on diversity, we must apply Ohio substantive law to Holbrook's state law claims. *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 566 (6th Cr. 2001). We review de novo the district court's determination of Ohio law. *Andrews v. Columbia Gas Transmission Corp.*, 544 F.3d 618, 624 (6th Cir. 2008).

II

Louisiana-Pacific contends that the district court's decision dismissing Holbrook's UCC breach of express and implied warranty claims should be affirmed because these claims are barred by the statute of limitations. "When it affirmatively appears from the face of the complaint that the time for bringing the claim has passed," the plaintiff should "'come forward with allegations explaining why the statute of limitations should be tolled.'" *Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 520 (6th Cir. 2008) (quoting *Hoover v. Langston Equip. Assocs.*, 958 F.2d 742, 744–45 (6th Cir. 1992)).

The four-year statute of limitations generally begins to run on Ohio UCC claims upon the tender of delivery. Ohio Rev. Code § 1302.98. Since the Trimboard was installed on Holbrook's

property in 2003, the statute of limitations would have passed by the time Holbrook filed suit in 2012. Ohio law provides for an exception, however, "where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance . . . ." Ohio Rev. Code § 1302.98(B).

Because the extension of the warranty must be explicit, this exception does not extend the statute of limitations for filing Holbrook's breach-of-implied-warranty claim. *Standard Alliance Indus., Inc. v. Black Clawson Co.*, 587 F.2d 813, 820 (6th Cir. 1978). Nor does it apply to extend the statute of limitations for filing Holbrook's breach-of-express-warranty claim based on advertising materials, as the amended complaint does not allege that the materials contained any promises of future performance for a specific period of time. *Id.* We therefore affirm the district court's decision dismissing these claims based on this alternate ground. *See Hensley Mfg.*, 579 F.3d at 608 ("We may affirm the district court's dismissal of a plaintiff's claims on any grounds, including grounds not relied upon by the district court." (citing *Zaluski v. United Am. Healthcare Corp.*, 527 F.3d 564, 570 (6th Cir. 2008)).

Nevertheless, the exception does apply to Holbrook's breach-of-express-warranty claim based on the ten-year written warranty. Louisiana-Pacific's reliance on *Allis-Chalmers Credit Corp. v. Herbolt*, 479 N.E.2d 293, 300–01 (Ohio Ct. App. 1984), is misplaced because the written warranty contained not only an obligation to repair and replace, but also a promise of future performance. In the first sentence of the ten-year written warranty, Louisiana-Pacific "warrants its Trimboard, exclusive of finish, against delamination, checking, splitting, cracking and chipping of the basic substrate for a period of ten years from the date of installation under normal conditions of use and

exposure . . . ." Holbrook first noticed around July 2010 that the Trimboard installed on his home in 2003 was rotting, swelling, cracking, and peeling, and he filed the instant suit in February 2012. Because Holbrook filed suit within ten years of the Trimboard's installation on his home and less than two years after discovering the defective Trimboard, his claim for breach of that express warranty is not barred by the statute of limitations. *Standard Alliance Indus.*, 587 F.2d at 820–21 ("If a seller expressly warrants a product for a specified number of years, it is clear that, by this action alone, he is explicitly warranting the future performance of the product or goods for that period of time. As J. White & R. Summers Uniform Commercial Code 342 (1972), points out, if an automobile is warranted to last for twenty-four thousand miles or four years, the warranty should extend to future performance. If the car fails within the warranty period, the limitations period should begin to run from the day the defect is or should have been discovered.").

III

Holbrook contends that the district court erred in dismissing his breach-of-express-warranty claim for failure to establish reliance and his status as a third-party beneficiary. We agree.

Reliance need not be shown if the express warranty is part of the written contract. *Norcold, Inc. v. Gateway Supply Co.*, 798 N.E. 2d 618, 622–24 (Ohio Ct. App. 2003). Where the express warranty is not incorporated into the written contract, it "must be shown to be part of the bargain of the parties . . . ." *Price Bros. Co. v. Phila. Gear Corp.*, 649 F.2d 416, 422 (6th Cir. 1981). In determining whether a warranty forms part of the basis of the bargain, various factors may be considered, including "the circumstances surrounding the transaction, the reasonableness of the buyer in believing the seller, and the reliance placed on the seller's statements by the buyer." *Id.*

Louisiana-Pacific's actions in response to the claim filed by Holbrook under the warranty are sufficient acknowledgment that the ten-year written warranty was part of the basis for the bargain. The amended complaint alleges that Louisiana-Pacific opened an investigation and visited Holbrook's home to inspect the Trimboard. Although Louisiana-Pacific ultimately rejected his claim based on its finding that there were no defects to the Trimboard covered by the warranty, it did not deny that the ten-year written warranty applied to the Trimboard. We also note that Louisiana-Pacific relied upon the disclaimer in the written ten-year warranty in its arguments on appeal and that counsel for Louisiana-Pacific did not contest during oral argument that the ten-year written warranty applied to the Trimboard installed on Holbrook's property.

In addition, Holbrook, as the ultimate consumer, was not required to show that he was in privity of contract or a third-party beneficiary to establish a breach-of-express-warranty claim in contract under the Ohio UCC. *Bobb Forest Prods., Inc. v. Morbark Indus., Inc.*, 783 N.E.2d 560, 574 (Ohio Ct. App. 2002) ("[T]here need not be privity of contract for the ultimate consumer to recover due to an express warranty [under the Ohio UCC]." (citing *Rogers v. Toni Home Permanent Co.*, 147 N.E.2d 612, 613 (Ohio 1958)); *Chic Promotion, Inc. v. Middletown Sec. Sys., Inc.*, 688 N.E.2d 278, 282 (Ohio Ct. App. 1996) (same).

Lastly, Louisiana-Pacific contends that Holbrook's claim falls outside of the Ohio UCC because he was not a "buyer" of "goods." This contention lacks merit as it is premised on Holbrook's contract to purchase his home, rather than the sales agreement for the Trimboard.

Based on the foregoing, we conclude that the allegations in the amended complaint were sufficient to assert a plausible claim of breach of express contract with respect to the ten-year written warranty. We vacate the district court's ruling on this claim and remand.

IV

Holbrook contends that the district court erred in dismissing his OPLA claim based on its determination that Trimboard was a fixture. We need not decide whether the fixture test should be applied in determining liability under the OPLA because we affirm on another ground.

Louisiana-Pacific asserts that the district court's decision dismissing Holbrook's OPLA claim should be affirmed because the amended complaint alleged only economic damages. Only compensatory damages for "harm,"which is statutorily defined as "death, physical injury to person, serious emotional distress, or *physical damage to property other than the product in question*," may be recovered under the OPLA. Ohio Rev. Code §§ 2307.71(A)(7), 2307.79 (emphasis added). "[A] claimant . . . cannot recover economic damages alone." *Cincinnati v. Beretta U.S.A. Corp.*, 768 N.E.2d 1136, 1146 (Ohio 2002).

The amended complaint alleges that Holbrook suffered economic loss from the decrease in the value of the Trimboard and the decrease in the value of his home resulting from defects in the Trimboard. *See Chemtrol Adhesives, Inc. v. Am. Mfrs. Mut. Ins. Co.*, 537 N.E.2d 624, 629 (Ohio 1989) (defining economic loss as including both "the loss attributable to the decreased value of the product itself" (direct economic loss) and "the consequential losses sustained by the purchaser of the defective product, which may include the value of production time lost and the resulting lost profits" (indirect economic loss)). Although the amended complaint also describes how defective Trimboard

might cause physical damage to the structure and interior of the homes on which it is installed, it does not allege that Holbrook's home suffered any physical damage.

Because Holbrook's amended complaint alleged only economic damages, he has not asserted a plausible claim for relief under the OPLA. *See White v. DePuy, Inc.*, 718 N.E.2d 450, 454 (Ohio Ct. App. 1998) ("A 'product liability claim is defined to include (1) civil claims to recover compensatory damages from a manufacturer for physical injury to a person that 'allegedly arose from * * * [t]he design, formulation, production, construction, creation, assembly, rebuilding, testing or marketing of that product," and (2) claims that a product is defective because it fails to 'conform to any relevant representation.' R.C. 2307.71(M). Such claims must allege other than economic damages. *LaPuma v. Collinwood Concrete* (1996), [ ] 661 N.E.2d 714, syllabus; R.C. 2307.71(M)."). We therefore affirm the district court's decision on this alternate ground. *Hensley Mfg.*, 579 F.3d at 608.

V

The district court dismissed Holbrook's ODTPA claims based on its determination that Holbrook and the other putative class members, as consumers, lacked standing to bring claims under the ODTPA. As the Ohio Supreme Court has not considered this issue, we look for guidance to the Ohio Court of Appeals. *See Kurczi v. Eli Lilly & Co.*, 113 F.3d 1426, 1429 (6th Cir. 1997) ("[W]here a state appellate court has resolved an issue to which the high court has not spoken, 'we will normally treat [those] decisions . . . as authoritative absent a strong showing that the state's highest court would decide the issue differently.'" (alterations in original) (quoting *Kirk v. Hanes Corp.*, 16 F.3d 705, 707 (6th Cir. 1994))). In *Dawson v. Blockbuster, Inc.*, No. 86451, 2006 WL

1061769, at *3-4 (Ohio Ct. App. Mar. 16, 2006), the court held that consumers do not have standing to raise ODTPA claims because (1) the ODTPA and the federal Lanham Act are "substantially similar," and (2) all federal courts of appeal to have considered the issue have held that consumers do not have standing under the Lanham Act. The Ohio Supreme Court declined to accept the appeal for review in *Dawson v. Blockbuster, Inc.*, 852 N.E.2d 190 (Ohio 2006).

Although Holbrook asserts various reasons why we should distinguish the ODTPA from the Lanham Act, he has failed to make the requisite strong showing that the Ohio Supreme Court would decide this issue differently. We therefore affirm the district court's decision that Holbrook does not have standing to raise an ODTPA claim as a consumer.

VI

For the foregoing reasons, we VACATE the district court's decision dismissing Holbrook's breach-of-express-warranty claim with respect to the ten-year written warranty, AFFIRM the district court's decision dismissing all other counts, and REMAND for proceedings consistent with this opinion.