IACONO, APPELLANT, *v.* ANDERSON CONCRETE CORP., APPELLEE, ET AL.

[Cite as Iacono v. Anderson Concrete Corp. (1975), 42 Ohio St. 2d 88.]

(No. 74-419—Decided April 16, 1975.)

*Messrs. Volkema, Pees & Snevel* and *Mr. Randall W. Pees,* for appellant.

*Messrs. Lucas, Prendergast, Albright, Gibson, Brown & Newman* and *Mr. Timothy J. Ucker,* for appellee.

HERBERT, J. Initially, it must be determined whether appellant's amended complaint pleads a cause of action in tort, upon an implied warranty theory, which would support his recovery of damages against appellee. It is agreed that no privity existed between appellee and appellant.

In *Lonzrick v. Republic Steel Corp.* (1966), 6 Ohio St. 2d 227, 218 N. E. 2d 185, a majority of this court recognized that the injured party in a products liability case may pursue three possible causes of action: (1) An action in tort grounded upon negligence, (2) a cause of action based upon contract, and (3) an action in tort based upon the breach of an implied warranty. In permitting the injured plaintiff to recover, the syllabus in *Lonzrick* states the following with regard to an action for breach of an implied warranty:

"1. The plaintiff in a products liability case is not restricted to prosecuting his action on the basis of negligence alone but may proceed in an action in tort based upon the theory of an implied warranty, notwithstanding that there is no contractual relationship between the plaintiff and the defendant. * * * [Citations omitted.]

"2. Where the allegations of a petition and the reasonable inferences therefrom establish that the defendant manufactured and sold certain steel roof joists and impliedly warranted that they were fit for the ordinary purposes for which such steel joists were to be used, and where such joists were defective because they were not fit for the ordinary purposes for which such joists were to be used, and as a direct and proximate result of being so defective these joists collapsed and fell upon the plaintiff and injured him while he was working in a place where his presence was reasonably to be anticipated by the defendant, such petition states a good cause of action in tort based upon the theory of breach of implied warranty."

In the present case, appellant's amended complaint alleges, in pertinent part:

"1. Plaintiff says plaintiff and defendant Padovan Construction Co. entered into an oral contract to provide materials and install a concrete driveway and sidewalk at the home of the plaintiff, whereby defendant Anderson Concrete Corp. was to furnish the necessary concrete and defendant Padovan Construction Co. promised to install and furnish said driveway and plaintiff promised to pay said defendant Padovan Construction Co. for the services and material.

"2. Plaintiff further says defendants expressly and impliedly warranted that said materials and work would be free from defects, that such work would be performed in a workmanlike manner and that such finished driveway would be fit for its customary and normal use; that plaintiff relied upon said warranties in contracting with said defendants.

"3. Plaintiff further says that said materials and work performed by the defendants was defective and unfit for

its intended use; that said defects were unknown to the plaintiff at the time said material was furnished and work was performed; and that defendant knew or should have known that defective material and work would make the said driveway and sidewalks defective and unfit for their intended use.

"* * *

"7. Plaintiff further says that as a direct and proximate result of the foregoing he has been damaged in the sum of fifteen thousand dollars ($15,000.00)."

Appellee contends that the amended complaint states only a contractual cause of action, and the Court of Appeals agreed. However, as we view it, the language of the complaint, taken as a whole, does support a tort theory of recovery[1] and is similar to the language found in the *Lonzrick* petition.[2] The complaint contains language which sufficiently discloses that the tortious act claimed by appellant was the failure of appellee-seller to fulfill its duty to provide a product fit for its intended use, and which was free from defects causing injury to the plaintiff. *Lonzrick*, at page 230.

It is true that portions of the complaint allege the ex-

---

[1] This court has recognized that, historically, an action grounded on breach of warranty sounded in tort rather than contract. It is a mistaken notion that use of the term "warranty" always carried the implication of a contractual relationship. *Rogers* v. *Toni Home Permanent Co.* (1958), 167 Ohio St. 244, 147 N. E. 2d 612.

[2] Lonzrick's petition, in pertinent part, stated:

"* * *

"At said time and place, while he was working on the ground in an area where certain steel joists manufactured and sold by defendant had been installed directly overhead, a number of such joists collapsed and fell down upon plaintiff, causing him the injuries and damages hereinafter set forth.

"* * *

"Prior to the occurrence of August 22, 1960, defendant impliedly warranted that the said roof joists were of good and merchantable quality, but said implied warranty was breached by defendant in that said roof joists were not of good and merchantable quality.

"By reason of such breach of warranty on the part of the defendant, the said roof joists came apart in use and fell upon plaintiff * * *."

istence of a contract with appellee concerning the furnishing of the concrete. However, Civ. R. 8(E)(2) permits alternative or hypothetical pleading, or even the use of inconsistent claims, and states, in part, "[w]hen two or more statements are made in the alternative and one of them if made independently would be sufficient, the pleading is not made insufficient by the insufficiency of one or more of the alternative statements." Furthermore, if appellee's counsel considered the complaint vague or ambiguous, he had the option of moving for a definite statement pursuant to Civ. R. 12(E).[3]

This interpretation of the language of the complaint, supporting a tort theory of recovery, reinforces the concept of "notice pleading" within Civ. R. 8(A),[4] and is consistent with the guideline of Civ. R. 8(F) that "all pleadings shall be so construed as to do substantial justice." An important principle underlying the adoption of the Civil Rules is that the rules "reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley* v. *Gibson* (1957), 355 U. S. 41, 48.

In the instant case, the record shows that appellee knew the concrete supplied to Padovan contained gravel (soft shale) aggregates and knew that the intended use of the concrete was for an outdoor driveway. Properly qualified witnesses testified that concrete for outdoor use should not contain such aggregates. It was also their testimony that the presence of soft shale aggregates, which reacted to freezing and thawing weather conditions, caused

---

[3]Civ. R. 12(E), in part, provides:

"If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, he may move for a definite statement before interposing his responsive pleading."

[4]Civ. R. 8(A), in part, provides:

"A pleading which sets forth a claim for relief * * * shall contain (1) a short and plain statement of the claim showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief to which he deems himself entitled."

the "pop-outs" and damage to the driveway; other evidence contradicted these conclusions. From this record, it is our opinion that reasonable minds could differ as to the cause of the damage. *Hamden Lodge* v. *Ohio Fuel Gas Co.* (1934), 127 Ohio St. 469, 189 N. E. 246.

Unlike the plaintiff in *Lonzrick* (6 Ohio St. 2d 227), a defective product has caused appellant to suffer property damage rather than personal injury. However, we perceive no rational basis for distinguishing between the two. In *Inglis* v. *American Motors Corp.* (1965), 3 Ohio St. 2d 132, 209 N. E. 2d 583, the breach of an express warranty was the basis for allowing pecuniary loss of bargain to be recovered. In finding for the plaintiff in *Inglis*, this court noted the logic of the opinion of the Supreme Court of New Jersey in *Santor* v. *A. & M. Karagheusian, Inc.* (1964), 44 N. J. 52, 60, 207 A. 2d 305, where it stated:

"* * * From the standpoint of principle we perceive no sound reason why the implication of reasonable fitness should be attached to the transaction and be actionable against the manufacturer where the defectively made product has caused personal injury and not actionable when inadequate manufacture has put a worthless article in the hands of an innocent purchaser who has paid the required price for it." See, also, *U. S. Fidelity & Guaranty Co.* v. *Truck & Concrete Equip. Co.* (1970), 21 Ohio St. 2d 244, 257 N. E. 2d 380.

In view of all of the foregoing, we hold that an action in tort, based on the properly pleaded theory of breach of implied warranty, may be maintained to recover for damage to property.

The judgment of the Court of Appeals as to appellee Anderson Concrete Corporation is reversed, and final judgment is entered for appellant.

*Judgment reversed.*

O'Neill, C. J., Corrigan, Stern, Celebrezze, W. Brown and P. Brown, JJ., concur.