BOARD OF EDUCATION OF COLUMBUS CITY SCHOOL DISTRICT, APPELLEE, *v.* FRY, INC. ET AL., APPELLANTS; LAWRENCE ASSOCIATES ARCHITECTS ET AL., APPELLEES.

(No. 84AP-366—Decided December 31, 1984.)

*Lawrence H. Braun* and *Jerry E. Nathan,* for plaintiff-appellee Board of Education of Columbus City School District.

*George E. Lord,* for third-party plaintiffs-appellants Fry, Inc. and Ohio Casualty Insurance Co.

*Evelyn J. Stratton,* for third-party defendant-appellee Lawrence Associates Architects.

*Wiles, Doucher, Van Buren, Boyle & Casey Co., L.P.A.,* and *David T. Patterson,* for third-party defendant-appellee W. R. Grace & Company.

*Baker & Hostetler, Terrence P. Kemp* and *Randall L. Solomon,* for third-party defendant-appellee Gaf Corporation.

*Sanford, Fisher, Fahey & Schwarzwalder Co., L.P.A.,* and *Richard P. Fahey,* for third-party defendant-appellee Hoge-Warren-Zimmerman.

WHITESIDE, J. Defendants, Ohio Casualty Insurance Company and Fry, Inc., appeal from a judgment of the Franklin County Court of Common Pleas dismissing their third-party complaint against third-party defendants, Lawrence Associates Architects, GAF Corporation and W. R. Grace & Company. In support of the appeal, defendants raise a single assignment of error contending that the trial court erred in dismissing the third-party complaint for lack of privity between the parties.

Plaintiff, Board of Education of the Columbus City School District ("board"), brought this action against defendants, Ohio Casualty Insurance Company and Fry, Inc., for damages because of alleged defective roofs on two school buidings constructed by Fry, Inc., pursuant to a contract with the board for which Ohio Casualty Insurance Company ("Ohio Casualty") furnished the performance bond.

In its third-party complaint, Fry, Inc. alleges that third-party defendant Lawrence Associates Architects ("Lawrence") was the architect for one of the buildings, Linden Park, and designed the roofing system, and that third-party defendant W. R. Grace & Co. ("Grace") manufactured material known as Zonolite used by a subcontractor of Fry, Inc. to install the insulating concrete deck for the roof. Fry, Inc. fur-

ther alleged that, with respect to the other building, known as "Douglas," Fry's subcontractor furnished and installed built-up roofing manufactured by third-party defendant GAF Corporation ("GAF") as required by the contract specifications. The third-party complaint further alleges:

"(5) If the roof on the Linden Park project has failed, that failure is the result of the negligence of Lawrence in failing to prepare plans and specifications to include an adequate roofing system and adequate roofing materials; * * * the negligence and breach of implied and express warranties by Grace in furnishing decking material; * * *.

"(6) In the event that Fry is liable to the Board of Education in respect to the Linden Park project, then third-party defendants are jointly and severally liable to Fry. * * *

"* * *

"(10) If the roof on the Douglas project has failed, that failure is the result of * * * the negligence and breach of implied and express warranties by GAF in furnishing such roofing materials.

"(11) In the event that Fry is liable to the Board of Education in respect to the Douglas project, then the third-party defendants are jointly and severally liable to Fry. * * *"

Each of the third-party defendants, Lawrence, Grace and GAF, filed motions to dismiss the third-party complaint as against them for failure to state a claim for relief predicated primarily upon lack of privity of contract. The trial court sustained these motions and, making an express finding of no just cause for delay, entered judgment in favor of third-party defendants, Lawrence, Grace and GAF, dismissing Fry's third-party complaint as against these defendants from which this appeal has ensued.

Since different issues are presented with respect to the third-party complaint as against each of the third-party defendants whose motions to dismiss the trial court sustained, we shall consider them separately.

First, Lawrence is alleged to be the architect who designed the Linden Park building and specified that Grace material be utilized. In resisting the motion to dismiss, Fry pointed out that necessarily it had to rely upon the plans and specifications prepared by the architect in performing the contract with the owner for construction of the building. Fry then makes a vague reference to Civ. R. 19(A)(1) indicating that the third-party complaint was filed "not so much because Fry, Inc. has a complaint against Lawrence Associates but because Lawrence Associates is a necessary party to the complete litigation of the issues." Apparently, this alludes to some type of indemnification to which Fry contends that it is entitled to if plaintiff recovers against it.

Presumably, Fry is proceeding upon a theory similar to that of *Haddon View Investment Co.* v. *Coopers & Lybrand* (1982), 70 Ohio St. 2d 154 [24 O.O.3d 268]. However, assuming that the principle of *Haddon View* applies to engineers as well as accountants, the fact situation here differs substantially in that Fry does not seek an independent recovery against Lawrence, but, instead, seeks only indemnification from Lawrence for any liability that Fry may have to plaintiff board because of negligent design by Lawrence. No such liability can exist in this case. Plaintiff board, in contracting with Fry for the construction of the Linden Park building, adopted the specifications of the architect, Lawrence; hence, if Fry complied with the specifications so furnished, it cannot be found to be in breach of its contract with plaintiff board. In short, there are no set of circumstances under which the liability of Fry to plaintiff board could be predicated upon the negligence of Lawrence in designing the building. Accordingly, the trial court did not err in sustaining third-party defendant Lawrence's motion to dismiss.

The third-party claims, as against GAF and Grace, are predicated upon essentially the same theory — indemnification. GAF, however, contends that the issue was not raised in the trial court by defendants, Ohio Casualty and Fry, and therefore cannot be asserted upon appeal. However, the motion to dismiss was predicated upon no rights existing in Fry in the absence of privity of contract and the judgment of the trial court was predicated upon that theory. Furthermore, contrary to the assertion of GAF in the trial court, and, upon appeal, we find no indication in the record that Fry has conceded that it has no claim for indemnification against GAF. Rather, with respect to privity, Fry, in its memorandum in the trial court, stated simply: "While the arguments advanced in the motion to dismiss are cogent, they miss the point." Fry first relied upon Civ. R. 19(A)(1), asserting that relief could not be accorded among the existing parties in the absence of GAF. Fry then stated in its memorandum in the trial court:

"Accordingly, while the pleadings may have been differently framed, the issues before this court cannot be justly and completely adjudicated without the presence of GAF Corporation. The defense of Fry, Inc., * * * sounds in a one year guarantee and performance in a workmanlike manner. If both of those defenses are viable and the roof still leaks, then the composition of the roof comes into question. The absence of the roof manufacturer renders the litigation incomplete. Fry's pleading does request indemnification; however, Fry was not damaged. Rather, the Board of Education claims damages and the joinder of GAF Corporation is done to afford the plaintiff every opportunity to realize the relief it seeks. Failure to retain GAF as a party simply invites the plaintiff to file additional suits."

While not artfully expressed in the memorandum opposing the motion to dismiss, the argument and position of Fry necessarily are predicated upon the allegations of its third-party complaint, *supra,* which, as it indicates in its memorandum, are founded in indemnification. Fry correctly points out that it was not damaged by any negligence of GAF, instead the board was, but fails to continue with the indemnification theory, namely that, in the event that Fry is found liable to the board for defective materials manufactured by GAF, then a claim for indemnification arises in Fry, possibly because Fry was unwilling to concede even the possibility that it could be liable for the defective materials manufactured by GAF, instead suggesting that any liability direct to the board should be that of GAF rather than Fry. However, we find no indication of an abandonment of the claim for relief against GAF alleged in the third-party complaint which is one for indemnification. Rather, indemnification is the only theory of recovery alleged by Fry in its third-party complaint as against GAF and Grace.

Although GAF inappropriately relies upon several pre-1971 cases involving "fact" pleading, rather than notice pleading under the Civil Rules, the result would be the same since the allegations of the third-party complaint, as we have indicated, are founded solely in indemnification, Fry expressly alleging, in its third-party complaint, that GAF and Grace would be liable to Fry only in the event that Fry is liable to the board. Likewise, GAF's reliance upon the syllabus of *Republic Steel Corp.* v. *Bd. of Revision* (1963), 175 Ohio St. 179 [23 O.O.2d 462], is misplaced; the syllabus states:

"Issues not raised in the lower court and not there tried and which are completely inconsistent with and contrary to the theory upon which appellants proceeded below cannot be raised for the first time on review."

Here, the issue argued on appeal is

not inconsistent with any theory below, but, instead, is the very issue upon which the trial court determined the case adversely to appellants. *Republic Steel* does not stand for the proposition that a party is precluded from contending that the trial court erred in the basis upon which it determined the case, but, rather, precludes issues neither presented to, nor determined by, the trial court from being raised on appeal. Nor are appellants, Ohio Casualty and Fry, precluded from citing on appeal, cases which they did not cite to the trial court which are pertinent to the issue determined by that court — namely, that, in the absence of privity, the third-party complaint did not state a claim against either GAF or Grace.

Any claim that Fry may have against either GAF or Grace necessarily is dependent upon Fry's being found liable to the board for defective material manufactured respectively by GAF or Grace. If Fry is not found liable to the board for defective material manufactured by GAF or Grace, or if the manufactured material is found not to be defective, then Fry would have no claim against either GAF or Grace.

The problem here, however, is that Fry did not acquire the materials directly from either GAF or Grace, but, instead, subcontracted the work to a subcontractor who in turn obtained the materials manufactured by GAF and used them in construction of the roof on the Douglas building and obtained the materials manufactured by Grace and used them in the construction of the roof on the Linden Park building. The record is silent as to whether the subcontractor acquired the materials from GAF and Grace or from a supplier, although the third-party complaint suggests the former.

Assuming that Fry is liable to the board solely on account of defective materials manufactured by GAF and Grace and used by the subcontractor in constructing the two roofs, the issue becomes whether Fry is entitled to indemnification directly from the manufacturers GAF and Grace or whether Fry must proceed against the subcontractor who in turn must seek indemnification from the supplier, who in turn must seek indemnification from the manufacturer if it was not the supplier. This is the classic products liability situation, although, as both GAF and Grace point out, Fry was not the ultimate consumer of the roofing material in question. On that basis, both GAF and Grace attempt to distinguish *Iacono* v. *Anderson Concrete Corp.* (1975), 42 Ohio St. 2d 88 [71 O.O.2d 66]. See, also, *Taylor* v. *Multi-Flo, Inc.* (1980), 69 Ohio App. 2d 19 [23 O.O.3d 320]. This contention of GAF and Grace is correct insofar as Fry has no direct claim against them for supplying defective materials, which was the issue conceded by Fry in the trial court, because at present it has sustained no damages because of the defective materials. Rather, Fry will be "damaged" because of the defective materials only if it is found liable to the board for the subcontractor's use of such defective materials in constructing the roofs on the two buildings.

The issue then is whether Fry has a direct claim for indemnification against the manufacturers of the defective materials or is relegated to proceeding against its subcontractor who in turn would have a claim against the manufacturer. We find that the principle of *Iacono* is applicable not only to a claim of the ultimate user but also to the claim of a contractor found liable to the ultimate user for such defective materials for indemnification against the manufacturer. The finding that such a right of indemnification exists is consistent with the theory of indemnity as being "the right of a person, who has been compelled to pay what another should have paid, to require complete reimbursement." *Travelers Indemnity Co.* v. *Trowbridge*

(1975), 41 Ohio St. 2d 11 [70 O.O.2d 6], paragraph two of the syllabus.

As noted above, we do not find that Fry's "concessions" in its argument in the trial court constituted an abandonment of its claims against GAF and Grace for indemnification alleged in its third-party complaint. Therefore, the assignment of error is well-taken with respect to Fry's third-party claims against GAF and Grace but is not well-taken with respect to its third-party claim against Lawrence.

For the foregoing reasons, the assignment of error is sustained with respect to the third-party claims against GAF and Grace but is overruled with respect to the third-party claim against Lawrence Associates Architects, and the judgment of the Franklin County Court of Common Pleas is affirmed insofar as it dismisses the third-party claim against third-party defendant Lawrence Associates Architects, but is reversed insofar as it dismisses the third-party claims against third-party defendants GAF Corporation and W. R. Grace & Company, and this cause is remanded to that court for further proceedings in accordance with law consistent with this opinion.

*Judgment affirmed in part, reversed in part, and cause remanded.*

HOFSTETTER, J., concurs.

MOYER, J., concurs in part and dissents in part.

HOFSTETTER, J., retired, of the Eleventh Appellate District, was assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.

MOYER, J., concurring in part and dissenting in part. I concur with the majority's opinion to the extent that it over-rules the assignment of error with respect to the third-party complaint against Lawrence Associates Architects, but would not sustain the assignment of error with respect to the third-party claims against GAF and Grace because I would not expand the rule of *Iacono* v. *Anderson Concrete Corp.* (1975), 42 Ohio St. 2d 88 [71 O.O.2d 66], to the distinguishable facts of this case. I would therefore affirm the judgment of the trial court in its entirety.