OPINION
{¶ 1} Defendant-appellant Riders Gear Ltd., dba Motorcycles of the Tri-State appeals from the November 17, 2004 Judgment Entry of the Licking County Municipal Court, Small Claims Division, which granted a default judgment in favor of plaintiff-appellee Jared D. Wilson.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On September 17, 2004, plaintiff-appellee Jared D. Wilson filed a complaint in the Licking County Municipal Court, Small Claims Division. The complaint stated a claim against defendant-appellant Riders Gear Ltd. and gave a Cincinnati, Ohio, address for appellant. On September 20, 2004, a summons was issued to appellant. Service was completed on September 21, 2004. The summons indicated that an arbitration hearing on the claim was set for October 26, 2004.
 {¶ 3} On October 22, 2004, appellant faxed a motion to transfer the matter to the General Division of the Licking County Municipal Court. That motion was filed on October 25, 2004. On October 25, 2004, the Small Claims Court denied appellant's motion to transfer the matter to the General Docket.
 {¶ 4} Appellant failed to appear at the October 26, 2004, arbitration hearing. As a result, on October 27, 2004, the Small Claims Court entered a Default Judgment against appellant. The Default Judgment stated that the cause "came on for hearing on the [sic] October 26, 2004. Upon consideration, the court finds that the defendant has been duly served with the summons and that the defendant has failed to plead or otherwise appear in this action. At said hearing, the court took evidence to determine the amount of damages." The court thereby awarded the sum of $3,000.00 plus interest to appellee.
 {¶ 5} On November 4, 2004, appellant filed an objection to the Magistrate's Decision and a motion for relief from judgment. On November 17, 2004, the Licking County Municipal Court issued a Judgment Entry in which it overruled appellant's motions.
 {¶ 6} It is from the November 17, 2004, Judgment Entry that appellant appeals, raising the following assignment of error:
 {¶ 7} "The licking county municipal court, small claims division, did not have subject matter jurisdiction to hear this matter and, therefore, the judgment is void ab initio."
 {¶ 8} In the sole assignment of error, appellant argues that the jurisdiction of a small claims court is limited by the boundaries of the territorial jurisdiction established for the given municipal court. Appellant asserts that there is no evidence that the Licking County Municipal Court has territorial jurisdiction over this matter.
 {¶ 9} Appellant is correct that the trial court had subject matter jurisdiction only if it had territorial jurisdiction. This court has previously held that, among other requirements, a municipal court must have territorial jurisdiction. "[A] municipal court has subject matter jurisdiction only if . . . the action [has] contact with the court's territorial limits (a) because the subject matter of the action is located within the court's territorial limits, (b) because at least one defendant resides within the court's territorial limits, or (c) because at least one defendant has been served within the court's territorial limits." Goody v. Scott (Oct. 18, 1995), Richland App. 95CA31, 1995 WL 768201. Further, because subject-matter jurisdiction goes to the power of the court to adjudicate the merits of a case, it can never be waived and may be challenged at any time. United States v. Cotton (2002),535 U.S. 625, 630, 122 S.Ct. 1781, 152 L.Ed.2d 860; State ex rel. Jonesv. Suster (1998), 84 Ohio St.3d 70, 75, 701 N.E.2d 1002. It is a "condition precedent to the court's ability to hear the case. If a court acts without jurisdiction, then any proclamation by that court is void." Id.; Patton v. Diemer (1988), 35 Ohio St.3d 68, 518 N.E.2d 941, paragraph three of the syllabus.
 {¶ 10} In this case, the small claims complaint filed by appellee indicates a Cincinnati address for appellant. The record further reflects that appellant was served in Cincinnati. As to the subject matter of the complaint, all that the complaint states is that the case relates to "repair of motorcycle." Thus, the complaint does not demonstrate territorial jurisdiction. However, because appellant failed to raise territorial jurisdiction as an issue in the trial court and a default judgment was entered by the trial court, the facts of the case were not further developed. In fact, the record shows that the only evidence taken by the trial court concerned the amount of damages. Thus, this court cannot determine from the record whether the trial court had territorial jurisdiction to hear this matter.
 {¶ 11} The question arises whether the plaintiff (appellee) had a duty to assert an allegation concerning territorial jurisdiction in the complaint. The Ohio Legislature established the Small Claims Court "to serve a need to the people of Ohio, save the expenditure of money by litigants, save time of the courts and provide a means of settling disputes quickly between citizens who feel aggrieved but think they have no place of redress." Heffelfinger v. Rock (Nov. 13, 1975), Medina App. No. 593, 1975 WL 180763. In order to initiate an action in the small claims division of a municipal court, a plaintiff need only state "the amount and nature of the plaintiff's claim. . . . The claim shall be reduced by writing in concise, nontechnical form." R.C. 1925.04. Thus, there is no requirement that a complaint in the small claims division provide an allegation concerning territorial jurisdiction. Hickey v.Hancock Wood Electric Cooperative (June 30, 1993), Wood App. 92WD82.[1]
However, we note that once the territorial jurisdiction of the trial court has been challenged, the plaintiff has the burden of establishing a sufficient nexus to the trial court. Id.
 {¶ 12} As such, appellant's sole assignment of error is sustained to the extent that we must remand this to the trial court for the limited purpose of determining whether it had territorial jurisdiction to hear this matter. If the trial court determines that it has territorial jurisdiction, then the prior grant of default judgment was valid and the trial court is instructed to re-enter that judgment. If, however, the trial court should determine that it was without territorial jurisdiction, the trial court must dismiss the case for lack of subject matter jurisdiction.
 {¶ 13} The judgment of the Licking County Municipal Court is reversed and the matter is remanded for further proceedings in accordance with this Opinion.
Edwards, J. Hoffman, P.J. and Wise, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Licking County Municipal Court, Small Claims Division, is reversed and the matter is remanded for further proceedings, in accordance with this Opinion. Costs assessed to appellee.
[1] In comparison, F.R.C.P.8(a)(1) requires that complaints in federal court "shall contain . . . a short and plain statement of the grounds upon which the court's jurisdiction depends . . ." F.R.C.P. 8(a)(1), in pertinent part.