CAMPBELL, Plaintiff,

v.

UNION TOWNSHIP SERVICE DEPARTMENT, Defendant.

2005-Ohio-7162.]

Clermont County Municipal Court,
Civil Division.

No. 2005CVH01576.

Decided Nov. 16, 2005.

David Campbell, pro se.

Lawrence E. Barbiere, for defendant.

HADDAD, Judge.

{¶ 1} This matter comes before the court on defendant's objections to the magistrate's decision filed October 21, 2005. After reviewing the written argument submitted by defendant's attorney, the court renders the following decision.

{¶ 2} On February 7, 2005, the plaintiff, David Campbell, filed a small-claims complaint against the Union Township Service Department, alleging that one of its snow plows had caused ice boulders to be thrown onto his property, damaging both his vehicles. On February 22, 2005, the defendant filed an answer, as well as a motion to transfer the case to the regular docket of the court. On March 11, 2005, the court ordered that the case be transferred to the court's regular docket. On March 15, 2005, the defendant filed a motion for judgment on the pleadings based upon the political subdivision immunity found in R.C. 2744.02(A)(1). The magistrate, interpreting the plaintiff's complaint as one sounding in negligence, and relying upon R.C. 2744.02(B)(1), denied the defendant's motion for judgment on the pleadings. The defendant then filed objections, arguing that the magistrate considered matters outside the pleadings in rendering his decision.

{¶ 3} A court may dispose of objections to a magistrate's decision by adopting, rejecting, or modifying the magistrate's decision. Civ.R. 53(E)(4)(b). In so doing, the court may hear additional evidence, recommit the matter to the magistrate with instructions, or hear the matter. Id. However, there is no requirement that the court hold a hearing prior to ruling on the objections. *Shaffer v. W. Farmington* (1992), 82 Ohio App.3d 579, 583, 612 N.E.2d 1247; *DiCarlo v. DiCarlo* (Nov. 20, 1980), Cuyahoga App. No. 42081, at 4, 1980 WL 355379. The defendant here has not requested a hearing on its objection, and the objection is based upon an alleged error of law. Thus, the court deems it appropriate to rule on the matter without holding a hearing.

{¶ 4} As noted above, this case was originally filed in the small-claims division of civil court. The small-claims court was established by the Ohio legislature in order " 'to serve a need to the people of Ohio, save the expenditure of money by litigants, save time of the courts and provide a means of settling disputes quickly between citizens who feel aggrieved but think they have no place of redress.' " *Wilson v. Riders Gear Ltd.*, Licking App. No. 2004CA00119, 2005-Ohio-2844, 2005 WL 1364945, at ¶ 11, quoting *Heffelfinger v. Rock* (Nov. 13, 1975), Medina App. No 593, 1975 WL 180763. "The legislative intent in establishing the small claims court division was clearly not to require plaintiffs to file complaints similar to those filed by licensed attorneys." *Wagner v. Dambrosio* (Nov. 6, 1986), Cuyahoga App. No. 52142, 1986 WL 12648.

{¶ 5} In R.C. 1925.04(A) and (B), the legislature set forth the requirements for a complaint in small-claims court. A small-claims plaintiff must set forth the amount and nature of his claim in a concise, nontechnical form. Id. In *Lazaro v. Knight*, Montgomery App. No. 20144, 2004-Ohio-4928, 2004 WL 2245110, the Second District Court of Appeals held that the specific pleading requirements of Civ.R. 8 are superceded by R.C. 1925.04

{¶ 6} In filling out the complaint form provided by the court, the plaintiff here adequately described the nature of his claim in such a way as to put the defendant on notice. The very nature of the complaint form itself prevented the plaintiff from presenting his claim in very much detail. The complaint form does not provide enough room to specifically allege each of the elements necessary for an action in negligence. The court concludes that the plaintiff initially filed his complaint in compliance with R.C. 1925.04 of the Revised Code.

{¶ 7} It appears from the authority cited above that the legislature did not intend for a small-claims plaintiff to be denied his day in court just because he fails to specifically state a particular legal ground in his complaint. The question then arises as to whether the plaintiff must amend his small-claims complaint once the case is transferred to the regular docket, or else run the risk that the court will grant judgment on the pleadings.

{¶ 8} The court firmly believes that under the civil rules, the purpose of pleading is to facilitate a proper decision on the merits. Pleading should not be a game of skill in which one misstep is decisive to the outcome. *Iacono v. Anderson Concrete Corp.* (1975), 42 Ohio St.2d 88, 92, 71 O.O.2d 66, 326 N.E.2d 267, citing *Conley v. Gibson* (1957), 355 U.S. 41, 48, 78 S.Ct. 99, 2 L.Ed.2d 80. The plaintiff could have filed an amended complaint after this case was transferred to the court's regular docket, but his failure to do so should not result in a judgment on the pleadings. His complaint was sufficient at the time of filing. It is only the defendant's unilateral action of filing a motion for transfer that brings into question the adequacy of the complaint.

{¶ 9} At least one appellate district court has opined that a small-claims case does not necessarily lose its small-claims character upon being transferred to the regular docket. *In re McDonald v. Ohio Packaging Corp.* (May 16, 1988), Stark App. No. 7390, 1988 WL 48600. In *Marquard v. Meadows* (Dec. 16, 1999), Cuyahoga App. No. 75243, 1999 WL 1204855, home purchasers brought an action against the vendor in small-claims court. After the case was transferred to the regular docket of the court, the plaintiffs were granted leave to file an amended complaint but failed to do so. The defendant argued at trial that the plaintiffs failed to plead their claim of fraudulent misrepresentation with particularity. The court, nevertheless, rendered judgment in favor of the plaintiffs. The defendant appealed, based in part upon the failure to plead with particularity. The appeals court noted that although the complaint did not specifically mention the legal ground for recovery, the legal ground could be fairly inferred from the facts alleged. Id. at 2–3, 1999 WL 1204855.

{¶ 10} In order for a court to grant a judgment on the pleadings, it must construe the material allegations in the complaint, as well as reasonable

inferences arising from them, in favor of the plaintiff and conclude beyond a doubt that the plaintiff can show no set of facts that would entitle him to relief. *Euvrard v. Christ Hosp.* (2001), 141 Ohio App.3d 572, 575, 752 N.E.2d 326. A court is not permitted to consider *evidence* outside the pleadings in ruling on a motion for judgment on the pleadings. Id.; *Burnside v. Leimbach* (1991), 71 Ohio App.3d 399, 402, 594 N.E.2d 60; *Epperly v. Medina City Bd. of Edn.* (1989), 64 Ohio App.3d 74, 75–76, 580 N.E.2d 807. The magistrate in the instant case did not rely upon *evidence* outside the pleadings in rendering his decision. He merely viewed the complaint in a light most favorable to the plaintiff, as required by the civil rules, and inferred that the plaintiff was asserting an action sounding in negligence. See *Marquard*, Cuyahoga App. No. 75243, 1999 WL 1204855. It is clear to the court that if the plaintiff fails to prove his negligence claim, then the defendant is entitled to immunity. R.C. 2744.02(A)(1). At this point, however, the plaintiff may be able to show a set of facts that would support a negligence claim and entitle him to relief. Although the plaintiff may not have the ability to plead as artfully and skillfully as defense counsel, he is still entitled to have his day in court.

{¶ 11} Upon consideration of the spirit of the civil rules and the legislative intent behind the small-claims court, this court finds no error in the magistrate's decision. The court hereby adopts the magistrate's report.

So ordered.