LaNeve et al., Appellees, *v.* Atlas Recycling, Inc.; China Shipping (North America) Holding Company, Ltd. et al., Appellants.

[Cite as *LaNeve v. Atlas Recycling, Inc.,*
119 Ohio St.3d 324, 2008-Ohio-3921.]

(Nos. 2007–1199, 2007–1372, and 2007–1373—Submitted
April 9, 2008—Decided August 13, 2008.)

Cupp, J.

{¶ 1} In this discretionary and certified-conflict appeal, the issue is whether the saving statute of R.C. 2305.19(A) applies to an action that was not commenced pursuant to the specific requirements of Civ.R. 15(D). We conclude that when the specific requirements of Civ.R. 15(D) for commencing an action are not met, an amendment does not relate back to the date of the original complaint under Civ.R. 15(C) and Civ.R. 3(A) and the saving statute of R.C. 2305.19(A) does not apply. Therefore, we reverse the judgment of the appellate court.

I

A

{¶ 2} In 2002, John A. LaNeve was injured in the course of his employment with Atlas Recycling, Inc.[1] LaNeve was exposed to unknown hazardous chemicals when he opened a container, and he suffered injuries to his eyes, nose, throat, and lungs.

{¶ 3} On May 28, 2004, LaNeve and his wife filed a complaint against Atlas and five John Doe defendants, alleging that he had sustained personal injuries in the 2002 incident. The John Doe defendants were identified in the complaint as either an "unknown company" or "unknown," and the addresses were "unknown." LaNeve obtained service on Atlas by certified mail.

---

1. Because this cause of action was dismissed by the trial court pursuant to Civ.R. 12(B)(6), we accept the material allegations in the complaint as true. *Vitantonio, Inc. v. Baxter,* 116 Ohio St.3d 195, 2007-Ohio-6052, 877 N.E.2d 663, ¶ 2.

{¶ 4} On May 6, 2005, LaNeve filed an amended complaint that named Atlas, China Shipping (North America) Holding Company, Ltd., and ContainerPort Group, Inc. as defendants. No John Doe defendants were named. LaNeve obtained service on China Shipping and ContainerPort by certified mail.

## B

{¶ 5} Before the trial court, both China Shipping and ContainerPort filed motions to dismiss on the basis that LaNeve's cause of action was time-barred by R.C. 2305.10. They argued the same grounds for dismissal: (1) that LaNeve's amended complaint was filed after the expiration of the statutory time limit and (2) that LaNeve had failed under the Ohio Rules of Civil Procedure to comply with the time requirements in commencing the action or in effecting personal service on either of the formerly unknown, now identified, defendants. Therefore, China Shipping and ContainerPort argued, LaNeve's amended complaint did not relate back to the date the original complaint had been filed, which was within the statutory time limit for LaNeve's cause of action. The trial court granted the motions to dismiss.

{¶ 6} On appeal, the Eleventh District Court of Appeals reversed the judgment of the trial court, concluding that the saving statute of R.C. 2305.19(A) allowed LaNeve one year from the filing of the amended complaint, May 6, 2005, to comply with the Civil Rules and obtain service on China Shipping and Container-Port. 172 Ohio App.3d 44, 2007-Ohio-2856, 872 N.E.2d 1277, ¶ 18. The appellate court also concluded that LaNeve's failure to comply with the applicable rules was only a technicality because China Shipping and ContainerPort were not hindered in their awareness of, or ability to prepare their defense against, LaNeve's claims. Id. at ¶ 20–21.

{¶ 7} We recognized a conflict on the following question: "Does the Ohio savings statute, R.C. 2305.19(A), apply to an action where plaintiff fails to comply strictly with the requirements of Civ.R. 15(D) in serving the original complaint." [2] 115 Ohio St.3d 1418, 2007-Ohio-5056, 874 N.E.2d 536. We also accepted China Shipping's and ContainerPort's discretionary appeals and consolidated the cases. 115 Ohio St.3d 1420, 2007-Ohio-5056, 874 N.E.2d 537. [3]

---

2. The conflict cases are *Kramer v. Installations Unlimited, Inc.* (2002), 147 Ohio App.3d 350, 770 N.E.2d 632; *Permanent Gen. Cos. Ins. Co. v. Corrigan* (May 24, 2001), Cuyahoga App. No. 78290, 2001 WL 563072; and *Mustric v. Penn Traffic Corp.* (Sept. 7, 2000), Franklin App. No. 00AP–277, 2000 WL 1264526.

3. The first propositions of law presented by China Shipping and ContainerPort question the extent to which the procedural requirements of Civ.R. 15(D) must be complied with when serving a

## II

### A

{¶ 8} Pursuant to Civ.R. 3(A), an action is commenced if a complaint is filed with the court and a defendant is served with the complaint within one year thereafter. The statutory time limit for a plaintiff to commence a personal-injury claim in Ohio is two years from the date an injury was incurred or discovered. R.C. 2305.10(A).

{¶ 9} If the proper defendant is unknown, a plaintiff may nevertheless file a complaint and then amend it when the name of the unknown party is discovered. Civ.R. 15(D). When a plaintiff files an amended complaint pursuant to Civ.R. 15(D) and the applicable statutory time limit has expired, the determination of whether service has been properly effected on the formerly fictitious, now identified, defendant requires Civ.R. 15(D) to be read in conjunction with Civ.R. 15(C) and 3(A). *Amerine v. Haughton Elevator Co.* (1989), 42 Ohio St.3d 57, 537 N.E.2d 208, syllabus.

### B

{¶ 10} Because of the unique situation addressed by Civ.R. 15(D), specific requirements accompany this rule. Id. at 58, 537 N.E.2d 208. One requirement is that the summons is to contain the words "name unknown." Civ.R. 15(D). Another requirement is that the summons must be personally served upon the formerly fictitious, now identified, defendant. Service on the formerly fictitious, now identified, defendant by certified mail is "clearly not in accordance with the requirement of Civ.R. 15(D)." *Amerine*, 42 Ohio St.3d at 58, 537 N.E.2d 208.

### C

{¶ 11} Assuming that a plaintiff meets the specific requirements of Civ.R. 15(D), the relation-back provisions of Civ.R. 15(C) are then considered. *Amerine*, 42 Ohio St.3d at 58, 537 N.E.2d 208. The relation-back concept provides, "If plaintiff files his complaint, and if the applicable statute of limitations runs, and if plaintiff amends his complaint[,] * * * the amendment relates back to the time of the original filing of the action. Because of relation back, the intervening statute of limitation does not interfere with the opportunity to amend." Civ.R. 15 Staff Notes (1970). An amendment relates back to the date of an original complaint if the parties are not changed. *Amerine*, 42 Ohio St.3d at 59, 537 N.E.2d 208. The substitution of a fictitious name for a real name is not changing a party. Id.

---

subsequently identified John Doe defendant, so as to invoke the relation-back rule of Civ.R. 15(C). The second propositions of law parallel the conflict question.

{¶ 12} The rule pertaining to the commencement of a civil action specifically permits an amendment made pursuant to Civ.R. 15(D) to relate back to the filing of an original complaint, provided service is obtained within one year of the filing of the original complaint. Civ.R. 3(A); *Amerine*, 42 Ohio St.3d at 59, 537 N.E.2d 208. Moreover, so long as the original complaint was filed prior to the expiration of the statutory time limit, "service does not have to be made on the formerly fictitious, now identified, defendant within the statute of limitations." Id.

### D

{¶ 13} In appropriate circumstances, the saving statute of R.C. 2305.19(A) allows an original action that has either been properly commenced or "attempted to be commenced" to be voluntarily dismissed and then refiled or replaced with an amended complaint against the same defendant based on the same injury, even if the applicable statute of limitations has expired at the time of the refiling. The application of the R.C. 2305.19(A) saving statute extends the Civ.R. 3(A) time period in which to serve a defendant by one additional year.

### III

### A

{¶ 14} LaNeve filed his original complaint in this matter on May 28, 2004, the last day of the two-year statute of limitations for his personal-injury claim. LaNeve's complaint invoked Civ.R. 15(D) by designating certain defendants as "John Doe, unknown." Within the Civ.R. 3(A) one-year period for obtaining service on a complaint, LaNeve amended his complaint, identifying China Shipping and ContainerPort as defendants. Because the amended complaint against China Shipping and ContainerPort was filed outside of the statute of limitations, LaNeve clearly attempted to invoke the relation-back principles in order to maintain his action against these defendants.

{¶ 15} Contrary to the express requirements of the rule, the summons for LaNeve's complaint or amended complaint, however, did not include the words "name unknown" with respect to any of the defendants, and it was served by certified mail. LaNeve did not attempt, or obtain, personal service of the summons for either the complaint or the amended complaint on China Shipping or ContainerPort. As a result, LaNeve failed to meet the specific requirements of Civ.R. 15(D); LaNeve is unable to claim the benefit of the relation back of the amended complaint as provided by Civ.R. 3(A); and LaNeve's attempted action against China Shipping and ContainerPort is, therefore, outside of the applicable statute of limitations. See *Amerine*, 42 Ohio St.3d 57, 537 N.E.2d 208. LaNeve's

amended complaint is time-barred by the principles set forth in *Amerine*.[4]

## B

{¶ 16} Application of the R.C. 2305.19(A) saving statute is inappropriate in this situation. LaNeve contends that his improper method of service (certified mail rather than personal) constituted an "attempt to commence" an action within the meaning of R.C. 2305.19(A), thereby allowing the saving statute to extend the period of time for LaNeve to obtain service on China Shipping and Container-Port.

{¶ 17} An attempt to commence an action as contemplated by R.C. 2305.19, however, must be pursuant to a method of service that is proper under the Civil Rules. Certified mail is an improper method of service under Civ.R. 15(D), which specifies that personal service is the only method by which a fictitious, now identified, defendant may be served.

{¶ 18} LaNeve used certified mail to obtain service on China Shipping and ContainerPort. LaNeve never attempted, or obtained, personal service on either China Shipping or ContainerPort. Because LaNeve failed under the Rules of Civil Procedure to properly attempt to commence the action against these defendants, the R.C. 2305.19(A) saving statute is inapplicable.

{¶ 19} This is not to say that the saving statute cannot be applied to a plaintiff's attempt to commence an action. However, this is not a situation in which LaNeve attempted personal service on China Shipping or ContainerPort but was unable to perfect it. Rather, the only method of service attempted or obtained by LaNeve, in contravention of the specific requirements of Civ.R. 15(D), was by certified mail.

{¶ 20} Thus, because Civ.R. 15(D) specifies that personal service is the only method by which a formerly fictitious, now identified, defendant may be served, and LaNeve did not attempt to comply with this rule, LaNeve failed to file his

---

4. {¶ a} The appellate court questioned whether the Civ.R. 15(D) personal-service requirement pertained to the original complaint or the amended complaint: "[T]here is some question as to whether the original complaint and summons, or the amended complaint and summons, are the matters requiring personal service under Civ.R.15(D)." *LaNeve*, 172 Ohio App.3d 44, 2007-Ohio-2856, 872 N.E.2d 1277, ¶ 11, fn. 1.

{¶ b} The issue presented in this appeal, however, specifically pertains to the method of service used to effect commencement of the suit. Accordingly, we decline to address whether the personal-service requirement applies to the original or the amended complaint. The appellate court's admonishment perhaps best addresses this separate matter: "It seems that prudent counsel should request personal service of both the original and amended complaints and summons and should otherwise comply strictly with the provisions of Civ.R. 15(D), in regard to any pleading served on a John Doe or former John Doe defendant." Id.

amended complaint within the applicable statute of limitations, and his action is time-barred.

## IV

{¶ 21} We acknowledge that the spirit of the Civil Rules is to resolve cases upon their merits and not on pleading deficiencies. See, e.g., *Patterson v. V & M Auto Body* (1992), 63 Ohio St.3d 573, 577, 589 N.E.2d 1306; *Peterson v. Teodosio* (1973), 34 Ohio St.2d 161, 175, 63 O.O.2d 262, 297 N.E.2d 113. Civ.R. 1(B) further requires that the Civil Rules are to be applied "to effect just results," and "[p]leadings are simply an end to that objective." *Peterson,* at 175. Nevertheless, this appeal does not involve a defective pleading with a claim failing because of noncompliance with a certain prescribed, technical rule. See, e.g., *Iacono v. Anderson Concrete Corp.* (1975), 42 Ohio St.2d 88, 92, 71 O.O.2d 66, 326 N.E.2d 267 (describing Ohio's Civil Rules as establishing "notice pleading," which supports pleading constructions allowing for substantial justice).

{¶ 22} Rather, the issue presented in this case is one of a failure to perfect service, which ultimately affects whether a court has personal jurisdiction over a defendant. The obligation to perfect service of process is placed only on the plaintiff, and the lack of jurisdiction arising from want of, or defects in, process or in the service thereof is ground for reversal. *Gliozzo v. Univ. Urologists of Cleveland, Inc.,* 114 Ohio St.3d 141, 2007-Ohio-3762, 870 N.E.2d 714, ¶ 16 (discussing the plaintiff's obligation to perfect service); *Ohio Elec. Ry. Co. v. United States Express Co.* (1922), 105 Ohio St. 331, 345–346, 137 N.E. 1 (discussing the effect of the failure to obtain service). Similarly, it is an established principle that actual knowledge of a lawsuit's filing and lack of prejudice resulting from the use of a legally insufficient method of service do not excuse a plaintiff's failure to comply with the Civil Rules. *Maryhew v. Yova* (1984), 11 Ohio St.3d 154, 157, 11 OBR 471, 464 N.E.2d 538; *Haley v. Hanna* (1915), 93 Ohio St. 49, 52, 112 N.E. 149.

{¶ 23} In this regard, the Civil Rules are not just a technicality, and we may not ignore the plain language of a rule in order to assist a party who has failed to comply with a rule's specific requirements. *Gliozzo,* 114 Ohio St.3d 141, 2007-Ohio-3762, 870 N.E.2d 714, ¶ 16. The Civil Rules are a mechanism that governs the conduct of all parties equally. Id.

{¶ 24} Based on the foregoing, we resolve the issues presented in this appeal by holding that Ohio's R.C. 2305.19(A) saving statute is inapplicable to an action that was not commenced pursuant to the specific requirements of Civ.R. 15(D), so as to allow an amendment to relate back to the date of the original complaint

under Civ.R. 15(C) and Civ.R. 3(A). Therefore, we reverse the judgment of the court of appeals.

Judgment reversed.

MOYER, C.J., and LUNDBERG STRATTON, O'CONNOR, O'DONNELL, and LANZINGER, JJ., concur.

PFEIFER, J., dissents.

———

Robert F. Burkey, for appellees.

Ray, Robinson, Carle & Davies, Julia R. Brouhard, and Robert T. Coniam, for appellant China Shipping (North America) Holding Company, Ltd.

Davis & Young, Thomas W. Wright, and William Jack Meola, for appellant ContainerPort Group, Inc.