O’Neill, J.,
dissenting.
(¶ 41} There are two issues that trouble me in this case. First, Donald and Debra Yeaples set forth in their original complaint a claim for intentional tort against the employer, Precision Directional Boring, L.L.C., and the coworker who was operating the excavator, Gary Cole, who is a resident of Cuyahoga County. Ohio is a notice-pleading state. Cincinnati v. Beretta U.S.A. Corp., 95 Ohio St.3d 416, 2002-Ohio-2480, 768 N.E.2d 1136, ¶ 29. The Yeapleses’ complaint clearly named Cole as a defendant and stated that it was based upon intentional tort. Pursuant to Civ.R. 8(A), this was adequate notice to allow the preparation of a sufficient defense. In Ohio, that is all that is required. Iacono v. Anderson Concrete Corp., 42 Ohio St.2d 88, 92, 326 N.E.2d 267 (1975).
{¶ 42} In their complaint, the Yeapleses added at paragraph 16:
At all times mentioned herein, Defendants knew that if Yeaples was subjected to the hazardous and dangerous conditions surrounding use of the equipment, then harm to Yeaples was substantially certain to occur.
{¶ 43} The high degree of specificity that the majority demands in this case is contrary to this court’s decision in Tulloh v. Goodyear Atomic Corp., 62 Ohio St.3d 541, 544, 584 N.E.2d 729 (1992), in which the court stated that it had to presume that “all factual allegations in the complaint are true and it must appear beyond doubt that the plaintiff can prove no set of facts warranting recovery” before dismissal was appropriate.
{¶ 44} Simply stated, the Yeapleses’ complaint was sufficient to make Cole more than a nominal party in this action. Interestingly, neither the Cuyahoga County Common Pleas Court judge, nor the Medina County Common Pleas Court judge, nor the three Eighth District judges found that Cole was only a nominal party. There is no legal basis to find differently and overturn the Eighth District’s decision. Since he was an actual party, venue in Cuyahoga County was appropriate.
*243 Paul W. Flowers Co., L.P.A., and Paul W. Flowers; and Bashein & Bashein Co., L.P.A., and W. Craig Bashein, for appellees Donald and Debra Yeaples.
Timothy J. McGinty, Cuyahoga County Prosecuting Attorney, and Charles E. Hannan, Assistant Prosecuting Attorney, for appellee Steven E. Gall.
Weston Hurd, L.L.P., Shawn W. Maestle, and Carolyn M. Cappel, for appellants.
Tucker Ellis, L.L.P., Benjamin C. Sassé, and Jeffrey C. Sindelar Jr., urging reversal for amicus curiae, Ohio Association of Civil Trial Attorneys.
{¶45} This brings me to the second issue that I have with the majority’s opinion. They conclude that the Yeapleses have an adequate remedy at law and therefore that it was improper for the Eighth District to allow the writs of mandamus and procedendo. Being forced to expend $100,000 in trial preparation including expert witnesses in the wrong county, so that you can appeal three years later after your witnesses have all died, is not an adequate remedy at law. The filing of a petition for mandamus demanding that a trial judge do his or her job is the only adequate remedy at law.
{¶ 46} I respectfully dissent.