[Cite as *Medina v. Davis*, 2011-Ohio-4465.]

STATE OF OHIO          )                    IN THE COURT OF APPEALS

)ss:               NINTH JUDICIAL DISTRICT

COUNTY OF LORAIN      )

OSEAS MEDINA, et al.

      Appellants

      v.

DAWANNA M. DAVIS

      Appellee

C.A. No.      11CA009953


APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    08CV156001

DECISION AND JOURNAL ENTRY

Dated: September 6, 2011

---

BELFANCE, Presiding Judge.

{¶1} Appellants, Oseas Medina, Maria Vijil Medina, Carlos Merced, and Frances Merced, appeal the order of the Lorain County Court of Common Pleas that vacated the default judgment entered against Appellee, Dawanna Davis. This Court affirms.

{¶2} The Medinas and the Merceds sued Ms. Davis for negligence as a result of an automobile accident in 2003. They voluntarily dismissed their complaint and refiled it within one year. The clerk of courts tried to serve the complaint and summons by certified mail to 1047 Hamilton Avenue in Lorain, but the summons returned undelivered because Ms. Davis was no longer at the address given and the forwarding order had expired. The clerk of courts directed a

second summons to 1841 Randall Street, but that summons also returned undelivered and bearing the endorsements "unclaimed" and "unable to forward" with a third address handwritten on the return receipt. The Medinas and Merceds requested service by ordinary U.S. mail to the Randall Street address. When Ms. Davis did not file an answer, they moved for default judgment. On February 13, 2009, the trial court granted default judgment against Ms. Davis and awarded $23,278.94 in medical expenses and $95,000.00 in other damages to the Medinas and $1,384.18 in medical expenses and $10,000.00 in other damages to the Merceds.

{¶3}    On October 14, 2010, Ms. Davis moved to vacate the default judgment for lack of personal jurisdiction, arguing that the default judgment against her was void because she had not been served with the refiled complaint. With her motion, Ms. Davis filed an affidavit in which she stated that she did not live at either address at which service had been attempted and "did not receive notice of the lawsuit against [her] until long after the default judgment was granted." The trial court vacated the judgment against Ms. Davis, and the Medinas and Merceds appealed.

### ASSIGNMENT OF ERROR I

**"THE TRIAL COURT INCORRECTLY ALLOWED THE DEFENDANT RELIEF FROM JUDGMENT WHEN DEFENDANT'S REQUEST FOR SAID RELIEF WAS NOT MADE IN A TIMELY MANNER, AS IS REQUIRED UNDER OHIO LAW."**

### ASSIGNMENT OF ERROR II

**"THE TRIAL COURT INCORRECTLY RELIED UPON A SELF-SERVING AFFIDAVIT FROM DEFENDANT IN GRANTING HER MOTION TO VACATE WITHOUT FIRST HOLDING AN EVIDENTIARY HEARING TO ASCERTAIN HER CREDIBILITY."**

{¶4}    The Medinas' and Merceds' assignments of error are that the trial court erred by granting Ms. Davis' motion to vacate the default judgment because the motion was not timely or, in the alternative, because her affidavit was not sufficient to justify relief. We disagree.

{¶5} In asserting that Ms. Davis' motion was untimely, the appellants rely upon precedent employing Civ. R. 60(B) analysis. However, when service is not perfected upon a defendant in a civil case, the trial court lacks personal jurisdiction, and any judgment rendered against that defendant is void. *Jacobs v. Szakal*, 9th Dist. No. 22903, 2006-Ohio-1312, at ¶9. "'Because a court has the inherent authority to vacate a void judgment, a party who asserts that the trial court lacks personal jurisdiction over him or her due to ineffective service of process need not satisfy the requirements of Civ.R. 60(B). Only lack of proper service must be established.'" *First Merit Bank v. Wood*, 9th Dist. No. 09CA009586, 2010-Ohio-1339, at ¶13, quoting *Portfolio Recovery Assoc., L.L.C. v. Thacker*, 2nd Dist. No. 2008 CA 119, 2009-Ohio-4406, at ¶22.

{¶6} When a party complies with the service requirements of the Ohio Rules of Civil Procedure, a rebuttable presumption of proper service arises. See *Rafalski v. Oats* (1984), 17 Ohio App.3d 65, 66. This Court has concluded that when service is disputed, an uncontradicted affidavit may suffice to rebut any presumption of proper service. *Wood* at ¶9-10. Thus, "[w]here a party seeking a motion to vacate makes an uncontradicted sworn statement that she never received service of a complaint, she is entitled to have the judgment against her vacated even if her opponent complied with Civ.R. 4.6 and had service made at an address where it could reasonably be anticipated that the defendant would receive it." *Rafalski* at 66-67.

{¶7} In this case, the requirements of Civ.R. 4.6(D) were not met in the first instance, and the presumption of proper service was not established. Under Civ.R. 4.6, counsel may file with the clerk of courts a request for service by ordinary U.S. mail once a certified mail envelope is returned with the endorsement that it was unclaimed. Counsel for the Medinas and Merceds requested ordinary mail service to the Randall Street address. At that point, it was the

responsibility of the clerk of courts to certify that service by ordinary mail had been made. "The mailing shall be evidenced by a certificate of mailing which shall be completed and filed by the clerk[] * * * [and] [s]ervice shall be deemed complete when the fact of mailing is entered of record[.] Civ.R. 4.6(D). We note that, although the transcript of the docket in this case contains a notation reading "Clerk's office certifies summons w/copy of complaint sent ordinary mail to: (1841 Randall St. Lorain) Dawanna Davis," the document to which the notation refers is actually a printed, unsigned "file copy" of a summons that does not set forth the name or address of any person served and does not bear a time stamp indicating that it was entered upon the docket. This "file copy" does not satisfy the requirements of Civ.R. 4.6(D) because it was not "completed," "filed by the clerk," and "entered of record." Furthermore, it appears that subsequent notices in the case were sent not to the Randall Street address, but to the Hamilton Street address, to which service by certified mail had been attempted but returned with the endorsement that it was undeliverable. Each of the subsequent notices, including the notice of judgment required by Civ.R. 58, was also returned as undeliverable.

{¶8} Even assuming that the presumption of service by ordinary mail had been established, however, Ms. Davis' affidavit is sufficient to rebut the presumption. In this respect, it is noteworthy that the certified mail envelope returned upon the second attempt at service contained, in addition to the endorsement that it was unclaimed, an endorsement that it was unable to be forwarded and the handwritten address "313 Missouri Ave" within the box of the return receipt for entering a different delivery address. This is consistent with Ms. Davis' affidavit, which stated that she had moved from Hamilton Avenue address by April 2008 and lived at the Missouri Avenue address at that time. She also averred that she did not live at the Randall Street address. The Medinas and Merceds did not contradict her sworn statements

through an affidavit of their own, and they did not request a hearing on the motion to vacate. See, generally, *Wood*, 2010-Ohio-1339, at ¶10.

{¶9} Ms. Davis' uncontradicted affidavit is sufficient to rebut the presumption, if any, that she was served by ordinary U.S. Mail "at an address where it could reasonably be anticipated that the defendant would receive it." *Rafalski*, 17 Ohio App.3d at 67. The trial court did not commit any error in vacating the default judgment for lack of personal jurisdiction. The Medinas' and Merceds' assignments of error are overruled.

{¶10} The assignments of error are overruled, and the judgment of the trial court is affirmed.

Judgment affirmed.

––––––

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.

 

 

 

_____

EVE V. BELFANCE
FOR THE COURT

WHITMORE, J.
DICKINSON, J.
CONCUR

APPEARANCES:

THOMAS J. ESCOVAR, Attorney at Law, for Appellants.

DARREL A. BILANCINI, Attorney at Law, for Appellee.