[Cite as *J. Bowers Constr. Co., Inc. v. Vinez*, 2012-Ohio-1171.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

J. BOWERS CONSTRUCTION CO., INC.

    Appellee

    v.

KATHERINE VINEZ, et al.

    Appellants

C.A. No.     25948

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV 2009-12-8829

DECISION AND JOURNAL ENTRY

Dated: March 21, 2012

BELFANCE, Judge.

{¶1} Defendant-Appellant Deutsche Bank National Trust Company, as Trustee for Soundview Home Loan Trust 2006-3 ("the Bank") appeals from the decision of the Summit County Court of Common Pleas. For the reasons set forth below, we vacate the judgment and remand for proceedings consistent with this opinion.

I.

{¶2} In December 2009, Plaintiff-Appellee J. Bowers Construction Company, Inc. ("J. Bowers") filed a complaint for breach of contract, on account, quantum meruit, and conversion against Katherine Vinez and the Bank, seeking $22,044.13 in damages related to repair work performed on a house owned by Ms. Vinez. J. Bowers requested the clerk serve the parties by certified mail.

{¶3} The clerk of courts proceeded to serve Ms. Vinez and the Bank via Federal Express. The Bank was served c/o Wells Fargo Bank N.A. at an address in South Carolina.

Service to Ms. Vinez via Federal Express was unsuccessful on two occasions; thereafter, service was completed via regular mail.

{¶4} On April 22, 2010, an attorney filed a notice of appearance for the Bank and indicated that "[a]ll pleadings and papers served herein should be served upon[]" the attorney at an address in Cincinnati. Also, on April 22, 2010, the Bank filed a motion for a more definite statement.

{¶5} On April 23, 2010, J. Bowers filed a motion for default judgment against the Bank, asserting it had failed to appear. The Bank opposed the motion and asserted that the trial court lacked personal jurisdiction over the Bank and that J. Bowers had not effectuated service upon the Bank as J. Bowers had served an out-of-state non-party, namely, Wells Fargo.

{¶6} On May 27, 2010, the trial court granted the Bank's motion for a more definite statement. On May 28, 2010, J. Bowers moved for default judgment against Ms. Vinez. On June 4, 2010, J. Bowers filed an amended complaint. On June 17, 2010, the Bank filed a motion to dismiss the amended complaint asserting it failed to state a claim against the Bank and again asserted that the trial court lacked jurisdiction and that the Bank had not been properly served. J. Bowers filed a response in opposition. The Bank filed a reply specifically asserting that the Bank had never been properly served with the original complaint and, thus, the amended complaint could not be served via regular mail. On July 7, 2010, the trial court granted a default judgment against Ms. Vinez in the amount $22,044.13 plus interest. On July 29, 2010, the trial court denied the Bank's motion to dismiss. On August 9, 2010, the Bank filed an answer to the amended complaint. In it, the Bank asserted the affirmative defenses of lack of subject matter jurisdiction, lack of personal jurisdiction, and of lack of service of process and insufficiency of service of process.

{¶7} Following an initial pretrial, on October 22, 2010, the trial court issued an order indicating that service may not have been made on the proper party and that the Bank must provide a proper service address to the trial court by October 26, 2010. Thereafter, on October 26, 2010, the Bank submitted an address in California as being the appropriate address. J. Bowers requested that the complaint be served via Federal Express on the Bank at the address in California and additionally served the same via regular mail on the Bank's counsel and Ms. Vinez.

{¶8} On February 3, 2011, J. Bowers filed a motion for default stating that the amended complaint was served on the Bank on October 28, 2010, and the Bank failed to answer or otherwise respond. The Bank filed a motion in opposition or, in the alternative, a motion for leave to file an answer. J. Bowers filed a reply. On February 22, 2011, the trial court granted default judgment against the Bank in the amount of $22,044.13 plus interest.

{¶9} On March 18, 2011, the Bank moved for reconsideration of the trial court's default entry or, in the alternative, to vacate a void judgment or from relief from judgment pursuant to Civ.R. 60(B). J. Bowers responded in opposition and the Bank filed a reply. On April 25, 2011, the trial court denied the Bank's motion.

{¶10} The Bank has appealed, raising two assignment of error for our review.

II.

ASSIGNMENT OF ERROR I

THE COURT OF COMMON PLEAS ERRED IN DENYING THE MOTION TO
VACATE JUDGMENT.

{¶11} The Bank asserts in its first assignment of error that the trial court erred in denying its motion to vacate the default judgment against it as service was insufficient and because the trial court could not enter a default judgment after the Bank had filed an answer.

**{¶12}** The Bank first argues that service was not accomplished in accordance with the Civil Rules, as service on the Bank could not be completed by means of Federal Express.

> "[I]n order to render a valid personal judgment, a court must have personal jurisdiction over the defendant." *Maryhew v. Yova * * ** , 11 Ohio St.3d 154, 156 [(1984)] * * * . "'This may be acquired either by service of process upon the defendant, the voluntary appearance and submission of the defendant or his legal representative, or by certain acts of the defendant or his legal representative which constitute an involuntary submission to the jurisdiction of the court.'" *Asset Acceptance, L.L.C. v. Allen*, 9th Dist. No. 24676, 2009-Ohio-5150, [] ¶ 3, quoting *Maryhew*, 11 Ohio St.3d at 156 * * * . "The latter may more accurately be referred to as a waiver of certain affirmative defenses, including jurisdiction over the person under the Rules of Civil Procedure." *Maryhew*, 11 Ohio St.3d at 156 * * * .

*Kennedy v. Kennedy,* 9th Dist. No. 09CA009645, 2010-Ohio-404, ¶ 7. "'Challenges to a trial court's jurisdiction present questions of law and are reviewed by this Court de novo.'" *Id.* at ¶ 6, quoting *Lorain Cty. Treasurer v. Schultz,* 9th Dist. No. 08CA009487, 2009-Ohio-1828, ¶ 10.

**{¶13}** We note that throughout the litigation the Bank maintained that it had not been properly served. Examples of the Bank's non-concession to the allegedly insufficient service include the Bank's filing of a motion to dismiss and the inclusion of insufficient service and lack of service as affirmative defenses in its answer. *See Gliozzo v. Univ. Urologists of Cleveland, Inc.*, 114 Ohio St.3d 141, 2007-Ohio-3762, ¶ 9. Thus, the Bank's active participation in the litigation cannot constitute a waiver of this argument. *See Id.* at syllabus ("When the affirmative defense of insufficiency of service of process is properly raised and properly preserved, a party's active participation in the litigation of a case does not constitute waiver of that defense.").

**{¶14}** The Supreme Court has stated that "[t]he obligation to perfect service of process is placed only on the plaintiff, and the lack of jurisdiction arising from want of, or defects in, process or in the service thereof is ground for reversal." *LaNeve v. Atlas Recycling, Inc.,* 119 Ohio St.3d 324, 2008-Ohio-3921, ¶ 22. Thus, "it is an established principle that actual

knowledge of a lawsuit's filing and lack of prejudice resulting from the use of a legally insufficient method of service do not excuse a plaintiff's failure to comply with the Civil Rules." *Id.* "In this regard, the Civil Rules are not just a technicality, and we may not ignore the plain language of a rule in order to assist a party who has failed to comply with a rule's specific requirements. The Civil Rules are a mechanism that governs the conduct of all parties equally." (Internal citations omitted.) *Id.* at ¶ 23.

{¶15} The Bank, an out-of-state entity, argues on appeal that service by Federal Express was insufficient as it failed to comply with the requirements of Civ.R. 4.3(B)(1). Civ.R. 4.3(B)(1) states that:

> Evidenced by return receipt signed by any person, service of any process *shall be by certified or express* mail unless otherwise permitted by these rules. The clerk shall place a copy of the process and complaint or other document to be served in an envelope. The clerk shall address the envelope to the person to be served at the address set forth in the caption or at the address set forth in written instructions furnished to the clerk with instructions to forward. *The clerk shall affix adequate postage and place the sealed envelope in the United States mail as certified or express* mail return receipt requested with instructions to the *delivering postal employee* to show to whom delivered, date of delivery, and address where delivered.
>
> The clerk shall forthwith enter the fact of mailing on the appearance docket and make a similar entry when the return receipt is received.

(Emphasis added.) Thus, the plain language of the rule, as illustrated by the italicized language above, does not anticipate or permit service by Federal Express. *See also* 1994 Ohio Atty.Gen.Ops. No. 94-055, at 2 (noting that former Civ.R. 4.1(1), which contains similar language to Civ.R. 4.3(B)(1), except that it did not allow for service by express mail, "expressly requires the clerk to use the United States mail[]"); 1997 Staff Note, Civ.R. 4.3 ("Prior to the 1997 amendment, service of process under this rule was permitted only by certified mail. It appears that service of process by express mail, i.e. as that sort of mail is delivered by the United

States Postal Service, can always be obtained return receipt requested, and thus could accomplish the purpose of notification equally well as certified mail. Therefore, the amendment provides for this additional option for service."). This is not to say that service via a commercial carrier such as Federal Express is not an effective or efficient means of effectuating service. Notably, the 2012 proposed amendments to Civ.R. 4.1(A) and 4.3(B) would allow service by commercial carrier. However, given the proposed amendment, it is logical to conclude that such service is not currently acceptable under the rules as no amendment would be necessary if such service were already acceptable under the current rules. 2012 Staff Note, Civ.R. 4.1-4.6, 30, 73.

{¶16} We note that J. Bowers requested initial service by certified mail, in compliance with the rule. However, it appears the clerk's office routinely orders service via Federal Express, notwithstanding other instructions by plaintiffs. Nonetheless, it seems the parties and the trial court were in agreement that initial service was not made to the appropriate entity at the appropriate address. When J. Bowers requested service after obtaining the correct address, J. Bowers requested service by Federal Express, an option not permitted under the current rules.

{¶17} It seems even the General Division of the Summit County Court of Common Pleas is aware that service by Federal Express does not constitute proper service as contemplated by Civ.R. 4.1(A) or 4.3(B)(1), as the court entered a standing order on June 23, 2009, which purports to appoint Federal Express and all of its employees, age 18 or older, as standing process servers for the General Division of the Summit County Court of Common Pleas. *See In re: Appointment of Standing Process Server*, Misc. No. 325 (June 23, 2009). This seems to indicate that the court of common pleas believes that service by Federal Express can constitute personal service as contemplated by Civ.R. 4.1(B) and 4.3(B)(2). However, assuming without deciding that the court of common pleas could properly institute such a practice, and that service by

Federal Express could constitute personal service, Civ.R. 4.3(B)(2) states that a "person" as contemplated by Civ.R. 4.3(A) can be personally served "[w]hen ordered by the court[.]" There is no evidence in the record that the trial court ever ordered personal service upon the Bank. In light of the foregoing, this Court concludes that proper service was not made upon the Bank. Therefore, the trial court did not establish personal jurisdiction over the Bank, and its default judgment against the Bank must be vacated. *See State v. Young*, 9th Dist. No. 04CA008446, 2004-Ohio-4328, ¶ 13 ("A default judgment rendered against a party over whom the court lacks personal jurisdiction is void."); *Kennedy,* 2010-Ohio-404, at ¶ 7. Although a defendant's continued insistence on precise technical compliance with the Civil Rules pertaining to service may seem to be a dilatory tactic designed to unnecessarily prolong the litigation, as noted in *Gliozzo*, perfection of service of process is the plaintiff's responsibility and a "defendant[] ha[s] no duty to assist [plaintiff] in fulfilling this obligation." *Gliozzo,* 114 Ohio St.3d 141, 2007-Ohio-3762, at ¶ 16.

{¶18} As we have sustained the first portion of the Bank's first assignment of error, the second portion has become moot, and we decline to address it. App.R. 12(A)(1)(c).

ASSIGNMENT OF ERROR II

THE COURT OF COMMON PLEAS ERRED IN DENYING THE MOTION
FOR RELIEF FROM JUDGMENT.

{¶19} The Bank's second assignment of error has been rendered moot by our disposition of the first assignment of error. Therefore, we decline to address it. App.R. 12(A)(1)(c).

III.

{¶20} In light of the foregoing, we vacate the default judgment entered by the Summit County Court of Common Pleas and remand the matter for proceedings consistent with this opinion.

Judgment vacated
and cause remanded.

_____

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

_____
EVE V. BELFANCE
FOR THE COURT

WHITMORE, P. J.
MOORE, J.
CONCUR.

APPEARANCES:

SCOTT A. KING and TERRY W. POSEY, JR., Attorneys at Law, for Appellant.

THOMAS C. LOEPP, Attorney at Law, for Appellee.