[Cite as *Philco Realty Ltd. v. Wells Fargo Bank*, 2012-Ohio-5400.]

| | | |
|---|---|---|
| STATE OF OHIO | )<br>)ss: | IN THE COURT OF APPEALS<br>NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| PHILCO REALTY LIMITED | C.A. No.     26289 |
| Appellant | |
| v. | APPEAL FROM JUDGMENT<br>ENTERED IN THE |
| WELLS FARGO BANK | COURT OF COMMON PLEAS<br>COUNTY OF SUMMIT, OHIO |
| Appellee | CASE No.     CV 2011-08-4445 |

DECISION AND JOURNAL ENTRY

Dated: November 21, 2012

DICKINSON, Judge.

INTRODUCTION

{¶1}    Philco Realty Limited has appealed the trial court's ruling granting Wells Fargo Bank relief from default judgment under Rule 60(B) of the Ohio Rules of Civil Procedure. This Court vacates the trial court's entries granting default judgment and granting relief from default judgment because the court never acquired personal jurisdiction over the defendant due to improper service of process.

BACKGROUND

{¶2}    In August 2011, Philco sued Wells Fargo in an action to quiet title to 150 Colony Crescent in Akron. Philco issued instructions to the Summit County Clerk of Court to serve the complaint via Federal Express mail service on Wells Fargo in Plano, Texas. When Wells Fargo failed to answer the complaint, Philco moved for default judgment. The trial court granted default judgment against Wells Fargo on October 31, and, four days later, Wells Fargo moved

for relief from that judgment under Rule 60(B) of the Ohio Rules of Civil Procedure. In support of its motion for relief from judgment, Wells Fargo argued, among other things, that service was improper because the civil rules did not permit service by Federal Express. After an oral hearing, the trial court granted Wells Fargo's motion for relief from judgment because the court determined that it had established that it had a meritorious defense. Philco has appealed.

PERSONAL JURISDICTION

{¶3} Through Philco's three assignments of error, it has argued that the trial court incorrectly granted Wells Fargo's motion for relief from judgment under Rule 60(B) of the Ohio Rules of Civil Procedure. "[W]hen service is not perfected upon a defendant in a civil case, the trial court lacks personal jurisdiction, and any judgment rendered against that defendant is void." *Medina v. Davis*, 9th Dist. No. 11CA009953, 2011-Ohio-4465, ¶ 5. "Because a court has the inherent authority to vacate a void judgment, a party who asserts that the trial court lacks personal jurisdiction over him or her due to ineffective service of process need not satisfy the requirements of [Civil Rule] 60(B). Only lack of proper service must be established." *Id.* (quoting *FirstMerit Bank v. Wood*, 9th Dist. No. 09CA009586, 2010–Ohio–1339, ¶ 13). "Once a defendant has challenged the trial court's personal jurisdiction over him or her, the plaintiff bears the burden of proving jurisdiction by a preponderance of the evidence." *State ex rel. DeWine v. 9150 Group L.P.*, 9th Dist. No. 25939, 2012-Ohio-3339, ¶ 8 (quoting *ComDoc v. Advance Print Copy Ship Ctr.*, 9th Dist. No. 24212, 2009-Ohio-2998, ¶ 3).

{¶4} In 2011, Rule 4.3 of the Ohio Rules of Civil Procedure provided for out-of-state service by certified or express mail. Civ. R. 4.3(B)(1), effective July 1, 1997. The record reflects that Philco attempted service of process in August 2011 by requesting that the Summit County Clerk of Courts use Federal Express to send a summons and complaint to Wells Fargo

Bank in Plano, Texas. There is evidence that Federal Express made the delivery on September 1, 2011. In its motion for relief from judgment, Wells Fargo argued that it had not received proper service of the complaint because the Ohio Civil Rules did not permit service by Federal Express mail service. Wells Fargo, therefore, argued that the judgment against it was void ab initio for lack of jurisdiction.

{¶5} In 2011, Civil Rule 4.3 required the clerk of courts to "affix adequate postage and place the sealed envelope in the United States mail as certified or express mail return receipt requested . . . ." Civ. R. 4.3(B)(1), effective July 1, 1997. In July 2012, Civil Rules 4.1 and 4.3 were amended to permit service via "commercial carrier service" such as Federal Express. Civ. R. 4.1(A)(2), effective July 1, 2012; 4.3(B)(1), effective July 1, 2012. This Court has ruled that "the plain language of [the former version of Civil Rule 4.3(B)(1)] . . . [did] not anticipate or permit service by Federal Express." *J. Bowers Constr. Co. Inc. v. Vinez*, 9th Dist. No. 25948, 2012-Ohio-1171, ¶ 15.

{¶6} Wells Fargo established that proper service was not accomplished, and Philco has not pointed to any contrary evidence. Therefore, the default judgment entered against Wells Fargo was void ab initio because the trial court lacked jurisdiction to enter it. *Medina v. Davis*, 9th Dist. No. 11CA009953, 2011-Ohio-4465, ¶ 5. The trial court's subsequent entry granting Wells Fargo relief from the void default judgment is also void. Both judgment entries must be vacated. Philco Realty's assignments of error are overruled.

CONCLUSION

{¶7} The trial court never acquired personal jurisdiction over Wells Fargo because service was accomplished via Federal Express at a time when Ohio's Civil Rules did not permit service of process via commercial carrier service. The trial court's entries of October 31, 2011,

and January 9, 2012, entering default judgment and granting relief from it are vacated. This matter is remanded for further proceedings consistent with this opinion.

Judgment vacated and
cause remanded.

_____

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

_____
CLAIR E. DICKINSON
FOR THE COURT

WHITMORE, P. J.
BELFANCE, J.
CONCUR.

APPEARANCES:

TYLER J. WHITNEY, Attorney at Law, for Appellant.

JASON WHITACRE and LAURA C. INFANTE, Attorneys at Law, for Appellee.