[Cite as *Emerson Family Ltd. Partnership v. Emerson Tool, L.L.C.*, 2012-Ohio-5647.]

STATE OF OHIO ) IN THE COURT OF APPEALS
)ss: NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT )

EMERSON FAMILY LIMITED
PARTNERSHIP

    Appellant

    v.

EMERSON TOOL, LLC, nka Ohio Knife
Company

    Appellee

C.A. No. 26200


APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No. CV 2010 06 4524

DECISION AND JOURNAL ENTRY

Dated: December 5, 2012

---

CARR, Judge.

{¶1} Appellant, Emerson Family Limited Partnership ("Emerson"), appeals from a judgment of the Summit County Court of Common Pleas that granted summary judgment to appellee, Emerson Tool, LLC, nka as Ohio Knife Company ("Ohio Knife"), on Emerson's claim, which alleged that Ohio Knife had converted certain pieces of Emerson's equipment. In the event this Court reverses summary judgment, Ohio Knife assigns error to the trial court's denial of its earlier motion to dismiss the complaint based on insufficient service of process. This Court reverses summary judgment because Ohio Knife failed to support its motion with evidence permitted by Civ.R. 56(C). This Court also reverses the trial court's denial of Ohio Knife's motion to dismiss because Emerson failed to comply with the service of process requirements of Civ.R. 4.6 and failed to commence suit within one year, as required by Civ.R. 3(A).

I.

{¶2}    Although the circumstances underlying this dispute are somewhat complicated, the basic facts relevant to this appeal are not.  On June 28, 2010, Emerson filed a complaint against Ohio Knife, alleging that Emerson Tool Company, LLC, now known as Ohio Knife, had converted certain pieces of equipment.  Specifically, it alleged that Ohio Knife's predecessor had leased the equipment from Emerson in 2000 and failed to return it when the lease expired in 2007.

{¶3}    Ohio Knife filed several dispositive motions against Emerson, including an October 12, 2010, motion to dismiss and/or for summary judgment.  In that motion, it raised several alternate grounds, including the defense of insufficient service of process, arguing that Emerson failed to serve the complaint in a manner permitted by Civ.R. 4.6.  The trial court denied the motion, concluding that there was a presumption of proper service, which Ohio Knife failed to rebut, because Emerson served Ohio Knife with the complaint via ordinary mail after unsuccessfully attempting service by express mail.

{¶4}    Ohio Knife later moved for summary judgment, asserting grounds that included the defenses of res judicata, collateral estoppel, and/or law of the case.  Specifically, it claimed that Emerson had already litigated this dispute through three civil actions against it, which culminated in a sheriff's sale of the equipment at issue to partially satisfy a prior judgment.  Ohio Knife attached unsworn and uncertified documents to its motion, which purported to be judgment entries and other filings from the prior civil actions and documents from the Summit County Sheriff's Office pertaining to the sale of the equipment.

{¶5}    Emerson filed a brief in opposition to summary judgment.  It objected to the evidence presented by Ohio Knife and also challenged the merits of its legal arguments.

Emerson's objection to the evidence was that the unauthenticated documents were not proper summary judgment evidence under Civ.R. 56(C) and, therefore, could not be considered by the trial court.

{¶6} Ohio Knife responded by filing an affidavit of its attorney, attached to the same documents it submitted with its summary judgment motion. The attorney attested that he had personal knowledge "of all the matters expressed" in the attached documents and that they were true and accurate copies of documents that he printed from the website of the Summit County Clerk of Court and documents that "Defendant" obtained from the Summit County Sheriff's Office.

{¶7} Emerson moved to strike the attorney's affidavit for failing to comply with Civ.R. 56(E) because it was not based on personal knowledge. Emerson further argued that the attorney's affidavit could not serve to authenticate the unsworn and unauthenticated documents submitted by Ohio Knife.

{¶8} On July 28, 2011, Ohio Knife filed another motion to dismiss the complaint, again claiming insufficient service of process. It added the argument that, because it had been more than one year since Emerson filed its complaint, Emerson had failed to perfect service of the complaint within one year, as required by Civ.R. 3(A). It attached the affidavit of its chief operating officer, who attested that Ohio Knife had never received a copy of the complaint but had learned about the pending litigation through the website of the clerk of court.

{¶9} The trial court ultimately overruled Emerson's objection to the summary judgment evidence presented by Ohio Knife, denied its request to strike the attorney's affidavit, and considered the merits of the summary judgment motion. The trial court found that Emerson no longer held title to the equipment and had no right to seek recovery of it from Ohio Knife

because the equipment had been sold at sheriff's sale. Consequently, it granted summary judgment to Ohio Knife.

{¶10} Because the trial court granted summary judgment to Ohio Knife, it denied its renewed motion to dismiss, concluding that it was moot. The court also reiterated its earlier ruling that there had been a presumption of proper service of the complaint.

{¶11} Emerson appeals and raises three assignments of error.[1] In the event this Court reverses the trial court's judgment, Ohio Knife raises one assignment of error.

I.

### EMERSON'S ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED IN HOLDING THAT THE [ATTORNEY'S] AFFIDAVIT SATISFIED RULE 56(E) OF THE OHIO RULES OF CIVIL PROCEDURE.

### EMERSON'S ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED IN GRANTING [OHIO KNIFE] SUMMARY JUDGMENT.

{¶12} This Court will address Emerson's first two assignments of error together because they are closely related. Emerson argues that the trial court erred in accepting the affidavit of Ohio Knife's attorney and in considering the evidence submitted by Ohio Knife on summary judgment. It further maintains that, because Ohio Knife failed to present any proper evidence under Civ.R. 56, the trial court erred in granting summary judgment. We agree.

{¶13} Pursuant to Civ.R. 56(C), summary judgment is proper if:

[N]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the

---

[1] Although Emerson lists four assignments of error in the preface of its brief, it actually argues three different assignments of error.

evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party.

*State ex. rel. Howard v. Ferreri*, 70 Ohio St.3d 587, 589 (1994). The court must resolve all doubts in favor of the nonmoving party. *Horton v. Harwick Chem. Corp.*, 73 Ohio St.3d 679, 686 (1995).

{¶14} A party moving for summary judgment bears an initial burden of pointing to "some *evidence* of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims." (Emphasis sic.) *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). Civ.R. 56(C) provides an exclusive list of materials that a trial court may consider when deciding a motion for summary judgment. *Spier v. Am. Univ. of the Caribbean*, 3 Ohio App.3d 28, 29 (1st Dist.1981). Those materials are "pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact." Civ.R. 56(C).

{¶15} Ohio Knife attempted to support its motion for summary judgment with unsworn and uncertified documents that, on their face, purported to be journal entries and other filings from this Court, the Summit County Court of Common Pleas, and the Summit County Sheriff's Office. Documents that are "not sworn, certified, or authenticated by affidavit have no evidentiary value" and cannot be considered by the trial court on summary judgment unless "the opposing party has raised no objection." *Green v. B.F. Goodrich Co.*, 85 Ohio App. 3d 223, 228 (9th Dist.1993). None of the documents submitted by Ohio Knife fell within the categories of evidence set forth in Civ.R. 56(C), and Emerson raised a timely objection on that basis in its brief in opposition to summary judgment.

{¶16} In response to Emerson's objection, Ohio Knife attempted to remedy the problem by submitting the same materials attached to the affidavit of its attorney, who incorporated the

documents by reference. See *Biskupich v. Westbay Manor Nursing Home*, 33 Ohio App.3d 220, 222 (8th Dist.1986) (recognizing that documents may be introduced as proper summary judgment evidence when they are incorporated through reference in a properly framed affidavit). The attorney attested that he had personal knowledge that the documents were "true and correct copies" of what they purported to be because he had printed the court documents from the website of the clerk of court and the "Defendant" had obtained the sheriff's sale documents directly from the sheriff's office.

{¶17} Emerson again objected to the evidence and moved to strike the attorney's affidavit because it did not comply with the requirements of Civ.R. 56(E), which provides, in relevant part:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit. Sworn or certified copies of all papers or parts of papers referred to in an affidavit shall be attached to or served with the affidavit.

{¶18} Emerson argued that the attorney's affidavit failed to comply with Civ.R. 56(E) because the attorney did not have personal knowledge of the contents of the documents and none of the documents had been sworn or certified by the custodian of those public records.

{¶19} "'Personal knowledge'" must be "'gained through firsthand observation or experience.'" *Bonacorsi v. Wheeling & Lake Erie Ry. Co.*, 95 Ohio St. 3d 314, 2002-Ohio-2220, ¶ 21, quoting *Black's Law Dictionary* 875 (7th Ed.Rev.1999). "'The subject of a witness's testimony must have been perceived through one or more of the senses of the witness.'" *Id.*, quoting Weissenberger, *Ohio Evidence* 213, Section 602.1 (2002).

{¶20} Although Ohio Knife's attorney would have the requisite personal knowledge to authenticate documents that he actually prepared, he did not prepare any of the documents that

were attached to the summary judgment motion, nor did he perceive their preparation with any of his senses. Consequently, to the extent the attorney's affidavit attempted to authenticate the documents as true and accurate copies of what they purported to be, it should have been stricken. *See Johnston v. Great Lakes Constr. Co.*, 9th Dist. No. 95CA006111, 1996 WL 84632, \*3 (Feb. 28, 1996).

{¶21} Although public records require no extrinsic evidence of authenticity if properly certified, none of these records bore any certification. Evid.R. 902(4). Even if the attorney had personal knowledge about where he received the documents and received them directly from the keeper of those records, an attestation to that effect does not serve to authenticate them. *Windsor v. Noldge*, 3d Dist. No. 13-96-11, 1996 WL 476867, \*2 (Aug. 26, 1996). Documents can be certified as correct only by "the custodian of the document or another individual with personal knowledge that the document is what its proponent purports it to be." *State ex rel. Varnau v. Wenninger*, 12th Dist. No. 2009-02-010, 2011-Ohio-3904, ¶ 18.

{¶22} Ohio Knife's sole evidence before the trial court on summary judgment consisted of materials that did not comply with Civ.R. 56(C) or Civ.R. 56(E), and Emerson raised a timely objection on that basis. Consequently, the trial court was without authority to consider Ohio Knife's evidence on summary judgment. Because Ohio Knife failed to support its motion with any proper evidence, the trial court erred in granting it summary judgment. Emerson's first and second assignments of error are sustained for that reason. This Court does not reach Emerson's alternate argument on the merits of the trial court's summary judgment decision.

### EMERSON'S ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED IN DETERMINING THAT EMERSON FAMILY WAS REQUIRED TO CONTEST THE VALIDITY OF THE EXECUTION OF SALE IN THE PREVIOUS CASE.

**{¶23}** Emerson's remaining assignment of error challenges the merits of the trial court's summary judgment decision. Because this Court has determined that the trial court erred in considering the evidence presented by Ohio Knife on summary judgment, the remaining assignment of error has been rendered moot and will not be addressed. App.R. 12(A)(1)(c).

### OHIO KNIFE'S ASSIGNMENT OF ERROR

THE TRIAL COURT COMMITTED ERROR, PREJUDICIAL TO [OHIO KNIFE], BY FAILING TO DISMISS THE COMPLAINT, BECAUSE [EMERSON] FAILED TO OBTAIN SERVICE AS REQUIRED BY OHIO CIV.R. 4.6, WITHIN ONE (1) YEAR AFTER THE COMPLAINT WAS FILED, IN VIOLATION OF OHIO CIV.R. 3(A).

**{¶24}** Because this Court reverses summary judgment, it will address Ohio Knife's assignment of error, through which it argues that the trial court should have granted its motion to dismiss Emerson's complaint due to insufficient service of process. There is no dispute that Ohio Knife timely raised this defense through a motion to dismiss, which it filed prior to filing an answer to the complaint, and that it preserved the defense despite its subsequent participation in the litigation. *See Gliozzo v. Univ. Urologists of Cleveland*, 114 Ohio St.3d 141, 2007-Ohio-3762, ¶ 9, 18. "Absent a waiver of service, a party must be served with the summons and complaint pursuant to the methods set forth in Civ.R. 4.1 through 4.6." *King v. Hazra*, 91 Ohio App. 3d 534, 536-37 (9th Dist.1993).

**{¶25}** Ohio Knife twice moved to dismiss the complaint based on insufficient service of process. Ohio Knife filed its first motion on October 12, 2010, asserting that the complaint should be dismissed because Emerson failed to comply with the service requirements of Civ.R. 4.6 by serving the complaint by ordinary mail without first properly attempting service by certified or express mail. Specifically, Ohio Knife argued that Emerson's attempts to serve the complaint by express mail had not been "refused" or "unclaimed" at an address reasonably

calculated to reach Ohio Knife, as required by Civ.R. 4.6(C) or (D), but instead were returned because they were sent to non-existent addresses.

{¶26} On July 28, 2011, Ohio Knife filed its second motion to dismiss, again alleging insufficient service of process and adding that Emerson had failed to perfect service of the complaint within one year, as required by Civ.R. 3(A). It attached the affidavit of E. William Glause, III, its chief operating officer. Glause attested that Ohio Knife never received a copy of the complaint in this case and that it became aware of Emerson's attempted service only through the trial court's online docket.

{¶27} Emerson opposed each of Ohio Knife's motions to dismiss, arguing that service by ordinary mail after unsuccessful attempted service by express mail created a presumption of effective service and that, even without a presumption of service, Ohio Knife suffered no prejudice as a result. The trial court denied Ohio Knife's motions to dismiss the complaint based on the grounds asserted by Emerson.

{¶28} Emerson and the trial court seemed to overlook the fundamental premise underlying any presumption that a complaint has been served on a defendant. A rebuttable presumption of effective service arises only if the Ohio Civil Rules on service have been followed. *Jacobs v. Szakal,* 9th Dist. No. 22903, 2006-Ohio-1312, at ¶ 14. Ohio Knife maintained throughout these proceedings, however, that Emerson did not comply with the civil rules in its attempts to serve it with the complaint.

{¶29} Civ.R. 4 through 4.6 address the appropriate means of obtaining service of process. Ohio Knife argued that Emerson did not comply with Civ.R. 4.6 because it attempted to serve the complaint via ordinary mail without first complying with the requirements of Civ.R.

4.6 for service by express mail. This Court agrees, although for a different reason from the one specifically argued by Ohio Knife.

{¶30} At the time service of Emerson's complaint was attempted on Ohio Knife in 2010, Civ.R. 4.6(C) and (D) authorized service by ordinary mail, evidenced by a certificate of mailing, only after the clerk of court received appropriate documentation that attempted service "by certified or express mail" had been returned with a postal endorsement that it had been "refused" or "unclaimed." Former Civ.R. 4.6(C) and (D). Ohio Knife argued that Emerson had failed to comply with Civ.R. 4.6 because its attempt to serve it via express mail had never been returned "refused" or "unclaimed" but instead had been returned because it was sent to undeliverable addresses, which failed to satisfy former Civ.R. 4.6 (C) or (D).

{¶31} Ohio Knife supported its argument by reference to the trial court's appearance docket, which demonstrated that Emerson first attempted to serve the complaint via FedEx "express mail" at an address on Annadale Street in Akron, which was returned to the clerk of court marked "VACANT." Emerson's second attempt to serve the complaint was also sent via FedEx express mail to an address on Mayfield Road in Chesterland, which was returned to the clerk's office marked "BAD ADDRESS."

{¶32} Although the trial court and the parties seemed to believe that Emerson's attempted service via FedEx "express mail" complied with the civil rules at that time, it did not. In 2010, when Emerson directed the clerk of court to serve the complaint on Ohio Knife, Civ.R. 4.1(A) explicitly provided that "service of any process shall be by United States certified or express mail unless otherwise permitted by these rules." The term "express mail," as used in Civ.R. 4.1(A) both then and now, refers only to express mail service via the United States Postal Service, not a commercial carrier. Prior to the July 1, 2012, effective date of amendments to

Civ.R. 4.1 and 4.6, service of the complaint via a commercial carrier did not comply with the civil rules. Former Civ.R. 4.6(C) and (D) and 4.1; *See J. Bowers Constr. Co., Inc. v. Vinez*, 9th Dist. No. 25948, 2012-Ohio-1171, ¶ 15 (construing the out-of-state service requirements of former Civ.R. 4.1 and 4.3). Consequently, notwithstanding Ohio Knife's additional challenge that Emerson improperly attempted to serve it at two incorrect addresses, service of process was insufficient in this case because it was attempted via a commercial carrier, which was not authorized by the Ohio Civil Rules at that time.

{¶33} Through its second motion to dismiss, filed more than one year after Emerson filed its complaint in this case, Ohio Knife further argued that Emerson never properly commenced this action against it because it had failed to serve it with the complaint within one year, as required by Civ.R. 3(A). It attached the affidavit of E. William Glause, its chief operating officer, who attested that Ohio Knife had never received a copy of the complaint. There is nothing in the record to contradict his assertion that Ohio Knife never received the complaint.

{¶34} Finally, despite Emerson's argument to the contrary, its failure to comply with the rules governing service of process constituted grounds for dismissal of its complaint, regardless of whether Ohio Knife suffered any prejudice or otherwise had knowledge of the lawsuit.

> "[I]t is an established principle that actual knowledge of a lawsuit's filing and lack of prejudice resulting from the use of a legally insufficient method of service do not excuse a plaintiff's failure to comply with the Civil Rules. In this regard, the Civil Rules are not just a technicality, and we may not ignore the plain language of a rule in order to assist a party who has failed to comply with a rule's specific requirements. The Civil Rules are a mechanism that governs the conduct of all parties equally."

(Internal citations omitted.) *J. Bowers Constr. Co.,* 2012-Ohio-1171, at ¶ 14, quoting *LaNeve v. Atlas Recycling, Inc.,* 119 Ohio St.3d 324, 2008-Ohio-3921, ¶ 22 -23.

**{¶35}** Because Ohio Knife demonstrated to the trial court that Emerson had failed to comply with the service requirements of Civ.R. 4.1, 4.6, and 3(A), the trial court erred in denying its motion to dismiss the complaint. Ohio Knife's assignment of error is sustained.

### III.

**{¶36}** Emerson's first and second assignments of error are sustained insofar as they challenge the impropriety of the evidence considered by the trial court on summary judgment. Its third assignment of error and the part of its second assignment of error that challenge the merits of the trial court's summary judgment decision are not addressed because they are rendered moot by this Court's determination that the trial court erred in considering the evidence before it. Ohio Knife's assignment of error is sustained. The judgment of the Summit County Court of Common Pleas is reversed and remanded for proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to the parties equally.

DONNA J. CARR
FOR THE COURT

WHITMORE, P. J.
DICKINSON, J.
CONCUR.


APPEARANCES:

ROBERT M. STEFANCIN, Attorney at Law, for Appellant.

SIDNEY N. FREEMAN, Attorney at Law, for Appellee.