[Cite as *Hall v. Crystal Clinic, Inc.*, 2018-Ohio-5314.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

ARLAN HALL

    Appellant

    v.

CRYSTAL CLINIC INC., et al.

    Appellees

C.A. No.    29031

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV-2012-08-4446

DECISION AND JOURNAL ENTRY

Dated: December 31, 2018

TEODOSIO, Judge.

{¶1} Arlan Hall appeals the judgment of the Summit County Court of Common Pleas granting summary judgment in favor of Crystal Clinic, Inc., Crystal Clinic Orthopedic Surgeons, Inc., and Douglas Ehrler, M.D. We affirm.

I.

{¶2} This medical malpractice action was originally filed by Arlan Hall on June 3, 2010, in the Summit County Court of Common Pleas, with instructions to the Clerk of Court to serve the defendants via FedEx. *See Hall v. Crystal Clinic, Inc.*, Summit C.P. No. CV 2010-06-3989 (Sept. 19, 2011). The complaint alleged Crystal Clinic, Inc., Crystal Clinic Orthopedic Surgeons, Inc., Douglas Ehrler, M.D., and Kenneth Greene, M.D. were negligent in their treatment of Mr. Hall from October 2008 through December 12, 2008. All defendants were served by FedEx on June 22, 2010. The defendants filed their answers in July 2010, with each

stating an affirmative defense of failure to obtain service or insufficiency of service of process. The case was voluntarily dismissed by Mr. Hall in September 2010.

{¶3} The action was refiled under case number CV 2012-08-4446 on August 2, 2012, naming Crystal Clinic, Inc., Crystal Clinic Orthopedic Surgeons, Inc., and Douglas Ehrler, M.D. (collectively, "Crystal Clinic") as defendants. In August 2012, Crystal Clinic filed an answer to the complaint, and in August 2013, they filed a motion to dismiss for lack of personal jurisdiction due to a failure to obtain proper service, which was granted in January 2017. Mr. Hall appealed to this Court, and we reversed and remanded the case on the grounds that the trial court's judgment relied upon facts outside of the pleadings. *Hall v. Crystal Clinic, Inc.*, 9th Dist. Summit No. 28524, 2017-Ohio-8471. Crystal Clinic subsequently filed a motion for summary judgment on the basis of lack of personal jurisdiction, which was granted by the trial court on April 24, 2018. Mr. Hall now appeals, raising one assignment of error.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN DISMISSING PLAINTIFF'S/APPELLANT'S COMPLAINT BASED ON FAILURE OF SERVICE.

{¶4} In his assignment of error, Mr. Hall argues the trial court erred in granting summary judgment and dismissing his complaint based upon failure of service. We disagree.

{¶5} Appellate review of an award of summary judgment is de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). Summary judgment is appropriate under Civ.R. 56 when: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party. *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977),

citing Civ.R. 56(C). A court must view the facts in the light most favorable to the non-moving party and must resolve any doubt in favor of the non-moving party. *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 358–359 (1992). A trial court does not have the liberty to choose among reasonable inferences in the context of summary judgment, and all competing inferences and questions of credibility must be resolved in the nonmoving party's favor. *Perez v. Scripps–Howard Broadcasting Co.*, 35 Ohio St.3d 215, 218 (1988).

{¶6} The Supreme Court of Ohio has set forth the nature of this burden-shifting paradigm:

> [A] party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party.

*Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996).

{¶7} At the time that Mr. Hall filed his original complaint, the Summit County Common Pleas Court had issued a standing order designating FedEx and its employees as process servers for the court. *See In re: Appointment of Standing Process Server*, Misc. No. 325 (June 23, 2009). Although the Ohio Supreme Court eventually approved commercial carrier service, the amendment to Civ.R. 4.1 permitting commercial carrier service did not take effect until July 1, 2012. Therefore, at the time Mr. Hall requested FedEx service upon the Crystal

Clinic defendants in 2010, commercial carrier service had yet to be approved by the Ohio Supreme Court.

{¶8} This Court has previously addressed these circumstances in *Hubiak v. Ohio Family Practice Ctr., Inc.*:

> The Ohio Rules of Civil Procedure set forth the appropriate methods of service that must be used in order to obtain proper service on a party. *See* Civ.R. 4.1 et seq. The rules are designed to ensure, as much as possible, that parties receive adequate notice. Former Civ.R. 4.1(A) provided, "service of any process shall be by certified or express mail unless otherwise permitted by these rules." At the time appellants served their complaint, the rules did not provide for initial service of a complaint via commercial carrier. In several decisions, this court made clear that service via Federal Express did not comport with service rules prior to July 1, 2012. *Haley v. Nomad Preservation, Inc.*, 9th Dist. Summit No. 26341, 2013-Ohio-86 ("At the time the notice and order of garnishment was served via Federal Express in 2010, Civ.R. 4.3(B) did not provide for service via Federal Express"); *Emerson Family Ltd. Partnership v. Emerson Tool*, L.L.C., 9th Dist. Summit No. 26200, 2012-Ohio-5647, ¶ 32; *Philco Realty, Ltd. v. Wells Fargo Bank*, 9th Dist. Summit No. 26289, 2012-Ohio-5400; J. *Bowers Constr. Co. v. Vinez*, 9th Dist. Summit No. 25948, 2012-Ohio-1171.
>
> * * *
>
> The manner in which appellants' complaint was served did not comply with Ohio's former civil rules. It is no matter that there existed a standing order of the court designating employees of Federal Express as process servers. That designation only comes into play under Civ.R. 4.6 after a failure of service that comports with Civ.R. 4.1(A). Therefore, at the time service was attempted, it was not completed according to the dictates of Civ.R. 4.1.

*Hubiak v. Ohio Family Practice Ctr., Inc.*, 9th Dist. Summit No. 26949, 2014-Ohio-3116, ¶ 10-11.

{¶9} We have noted, however, that "[s]ervice may be waived, and the court will have jurisdiction over a party who voluntarily submits thereto where lack of service is not properly preserved." *Hubiak* at ¶ 12. "Waiver occurs '(1) if a motion is made raising other Civ.R. 12(B) defenses and it is not included in that motion and (2) if there is no such motion, if it is not raised by separate motion or included in the responsive pleading.'" *Hubiak* at ¶ 12, quoting *Shah v.*

5

*Simpson*, 10th Dist. Franklin No. 13AP-24, 2014-Ohio-675, ¶ 15. In the case before us for review, there was no waiver of service by the defendants, nor has the issue of waiver been raised by Mr. Hall.

{¶10} In *Suiter v. Karimian*, we addressed the issue of whether the amendments to Civ.R. 4.1 allowing for service of process by commercial carrier applied retroactively. *Suiter v. Karimian*, 9th Dist. Summit No. 27496, 2015-Ohio-3330. Civ.R. 86(II) addresses the effective date of the amendments to Civ.R. 4.1, providing that the amendments to Civ.R. 4.1 "govern all proceedings in actions brought after they take effect and also all further proceedings in actions then pending, except to the extent that their application in a particular action pending when the amendments take effect would not be feasible or would work injustice, in which event the former procedure applies." For a civil case to have commenced, service must have been obtained upon a named defendant within one year of the filing of the complaint. Civ.R. 3(A). "[I]f service was not perfected within the one-year time frame of Civ.R. 3(A), then the action cannot be deemed commenced and was never pending." *Hubiak* at ¶ 26.

{¶11} Mr. Hall filed his complaint against the Crystal Clinic defendants on June 3, 2010, and had through June 3, 2011, to obtain service upon any defendant. *See* Civ.R. 3(A). *See also Hubiak* at ¶ 36 ("The date of commencement of an action for Civ.R. 3(A) purposes is the date of filing so long as service is obtained within one year."). Because Mr. Hall failed to obtain service upon any defendant on or before that date, the action never "commenced" for purposes of Civ.R. 3(A). *See Suiter* at ¶ 22. Therefore, the matter was not pending against any defendant when the amendments to Civ.R. 4.1 took effect on July 1, 2012. *See Suiter* at ¶ 22.

{¶12} Mr. Hall argues that the Ohio "saving statute," R.C. 2305.19, should apply because it preserves a cause of action even if a plaintiff fails to perfect service within one year of

filing the complaint.  He further argues that under R.C. 2305, an action need not be commenced, but only requires that it was "attempted to be commenced."

{¶13}  R.C. 2305.19(A) provides:

In any action that is commenced or attempted to be commenced, if in due time a judgment for the plaintiff is reversed or if the plaintiff fails otherwise than upon the merits, the plaintiff * * * may commence a new action within one year after the date of the reversal of the judgment or the plaintiff's failure otherwise than upon the merits or within the period of the original applicable statute of limitations, whichever occurs later.

{¶14}  "An attempt to commence an action as contemplated * * * must be pursuant to a method of service that is proper under the Civil Rules."  *Rossiter v. Smith*, 9th Dist. Wayne No. 12CA0023, 2012-Ohio-4434, ¶ 15, quoting *LaNeve v. Atlas Recycling Inc.*, 119 Ohio St.3d 324, 2008-Ohio-3921, ¶ 17.  *See also Kramer v. Installations Unlimited, Inc.*, 147 Ohio App.3d 350, 2002-Ohio-1844, ¶ 25 (5th Dist.) ("[A]n attempt to commence as set forth in R.C. 2305.19 must be pursuant to a method of service that is proper under the Civil Rules.").

{¶15}  Because service of the original complaint by FedEx was not a proper method of service under the then-existing version of the Civil Rules, the action was neither commenced, nor can it be considered to have been attempted to be commenced.  As a consequence, the action could not have been preserved for the one-year period contemplated by R.C. 2305.19.

{¶16}  Mr. Hall also argues that the dismissal of his action violated Article I, Section 16, of the Ohio Constitution, which provides:  "All courts shall be open, and every person, for an injury done him in his land, goods, person, or reputation, shall have remedy by due course of law, and shall have justice administered without denial or delay."  Although the end result may be unsatisfactory and unfortunate, and we are not unsympathetic of that fact, Mr. Hall has not shown that he was deprived access to the courts or a remedy by due course of law as a result of the standing order of the Summit County Court of Common Pleas.  The instructions for service

filed by Mr. Hall in the original action requested service of the complaint by FedEx, and despite the existence of the order appointing FedEx and its employees as standing process servers, Mr. Hall has not shown that he was prevented from requesting service that would have been in compliance with the then-existing version of the Civil Rules. We are therefore unable to conclude that there has been a violation of Mr. Hall's rights under Article I, Section 16, of the Ohio Constitution.

{¶17} Mr. Hall had one year from the date of the filing of his complaint to obtain proper service upon one of the named defendants and failed to do so. *See Suiter* at ¶ 24. "Although courts should strive to hear cases on their merits whenever possible, 'the Civil Rules are not just a technicality, and we may not ignore the plain language of a rule in order to assist a party who has failed to comply with a rule's specific requirements.'" *Suiter* at ¶ 24, quoting *LaNeve* at ¶ 23. "An action may be dismissed when service of process has not been obtained after the passage of more than one year." *Maryhew v. Yova*, 11 Ohio St.3d 154, 157 (1984). Because Mr. Hall failed to serve any of the defendants in accordance with the then-existing version of the Civil Rules, the trial court did not err in granting summary judgment. *See Suiter* at ¶ 24.

{¶18} Mr. Hall's assignment of error is overruled.

III.

{¶19} Mr. Hall's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

THOMAS A. TEODOSIO
FOR THE COURT

SCHAFER, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

ANTONIOS P. TSAROUHAS, Attorney at Law, for Appellant.

GREGORY T. ROSSI and DOUGLAS G. LEAK, Attorneys at Law, for Appellee.